JANUARY 1830.

Moore et al.
v.
Chapman.

</div>

| 2s | 469 |
| 103 | 197 |
| 2s | 469 |
| 110 | 531 |

## REID v. GORDON.

1. In an action of trespass for an assault and battery, if the verdict is for $5 damages only, full costs cannot be given unless the Judge certifies.
2. It does not vary the case, though the jury find costs for the plaintiff.

In an action of trespass for an assault and battery, G. Gordon recovered against Thomas Reid, in Tuscaloosa Circuit Court, a judgment for $5 damages and full costs of suit. The suit was commenced in September, 1825, and determined at March term, 1827. The verdict is in these words: "we find the defendant guilty, and assess the plaintiffs damages by occasion thereof to five dollars, *besides his costs.*" There was no certificate by the presiding Judge, for full costs.

The error assigned by Reid, is, that the Court erred in rendering judgment for full costs.

SHORTRIDGE & ELLIS, for the plaintiff in error, submitted the cause.

BARTON & STEWART, contra.

By JUDGE COLLIER. By the act to prevent frivolous and vexatious law suits,[a] it is enacted, "That in all suits which may hereafter be brought in this State to reco-

<div style="text-align:right">

a Laws of Ala.
Page 484.

</div>

ver damages for slander, or trespass, or assault and battery, the plaintiff shall not recover more costs than damages, if the damages do not exceed five dollars, unless the Judge before whom the suit was tried, shall certify that more damages ought to have been awarded by the jury." By a reference to the record, the action appears to have been commenced several years after the passage of this act, and is therefore subject to its operation. The finding of costs by the jury cannot vary the case: the costs are a matter over which they had no control. It was only their duty to inquire of the guilt of the plaintiff in error, and if satis-tified that he was guilty, assess such damages as their judgment might persuade them was proper; and if the Judge had thought the damages assessed were inadequate to compensate the injury, he should have certified.

The judgment is therefore reversed, and such judgment rendered here, as should have been rendered below.*

---

*See the case of McGehee v. Evans, 1 Stewart's Reports, 589.