JOHN WILLIAMS VS. WILLIAM PERKINS.

*Error from Bibb Circuit Court.*

————◇————

The statute which designates the actions in which, if the plaintiff should not recover more damages than five dollars, he cannot recover more costs than damages, is not to be construed as embracing the action of trespass, *quare clausum fregit,* among those actions.

The actions, subject to this limitation as to costs, are *slander* and *trespass for assault and battery.*

This was an action of trespass *quare clausum fregit,* brought by Williams against Perkins, for entering upon his grounds and taking his rails. The plaintiff obtained a verdict; but the damages recovered did not exceed five dollars. The court below refused to give judgment against the defendant for full costs, and gave a judgment against him for costs to the amount of the damages recovered, and no more. For this alleged error in the court below, the plaintiff in error, Williams, who was also plaintiff below, has brought the case before this court for revision.

FREEMAN, for Plaintiff in error.

In this case, the court below determined that, from the smallness of the damages, we were not entitled to full costs. This is not one of that class of cases in which the statute limits the costs to the amount of damages. The cases mentioned in the statute, to which this limitation applies, are, Slander or Trespass, Assault and Battery.—*Aikin's Digest,* 361. The action of trespass *quare clausum fregit,* is not intended to be embraced by the statute. This, I hold to be clear from the grammatical construction of the language em-

ployed.   It is true, that in the statute, as printed, there is a comma after the word trespass ; but this should not lead us to suppose that trespass was here intended to designate an action distinct from assault and battery : the position of the conjunction *or* will not admit of such a construction.   The rule is, that where several things are named, the conjunction *or* or *and* comes next to the last one mentioned.   It has been decided by this court, that trespass, to try titles, is not embraced by the statute ; and there is no reason, that can be drawn from the language of the law, why trespass *quare clausum fregit* should be embraced rather than trespass, to try titles. Assault and battery is not used as the name of an action in general :   the true name of the action is trespass assault and battery.

PICKENS, *contra.*

The meaning of the law may perhaps be best understood, by attending to what must have been its object.   The object doubtless, was to prevent frivolous and vexatious law suits. This applies with as much force, to actions for trespass on land as to those for trespass on the person.   Being guided by the object of the law, it is not difficult to construe it.   We are not driven to the necessity of relying on the position of a comma or of a conjunction.   A man may lay himself liable to a legal action if he but jumps over a fence, and cuts a walking cane. But if men will bring suit for such frivolous causes, and if they recover but a few cents in damages, they ought not to be permitted to recover full costs.   This would be giving too much encouragement to these frivolous actions.   The construction which is conformable to the object of the law, is also that which I regard as the grammatical construction of the language.   Trespass, as well as assault and battery, is embraced by its terms.

By Mr. Chief Justice SAFFOLD :

Williams brought, in the Circuit Court, an action of tres-

pass *quare clausum fregit* against the defendant. The injury complained of was, that Perkins had unlawfully entered upon the plaintiff's land, and taken and carried away his rails, &c.

Williams
vs.
Perkins.

A trial was had, in which the plaintiff recovered, by verdict, damages to an amount not exceeding *five* dollars.—Whereupon, the court rendered judgment in favor of the plaintiff for the amount of *damages* so recovered, and only the same amount of costs, and against the plaintiff for the residue.

The error assigned is, that the plaintiff should have been allowed full costs against the defendant.

The law by which the court is supposed to have been governed, is, the statute of 1822,[a] which provides, that " In all suits brought to recover damages for *slander or trespass, assault and battery*, the plaintiff shall not recover more costs than damages, if the damages do not exceed five dollars, unless the Judge, before whom the suit was tried, shall certify that more damages ought to have been awarded by the jury." It is not contended that such certificate was given, but that the statute does not apply to a case of this nature. This is the only question for consideration.

a Aik. D. 261
Section 21.

The language of the statute is rather equivocal. It uses the *generic* term *trespass*, preceding and following it, with designated actions, both of which, as well as many others, are embraced in its comprehensive sense. If this term was intended by the legislature to be understood in its greatest latitude, it was entirely unnecessary to have expressed either the actions of *slander* or *assault and battery*, for both these and a large proportion of all the actions known to the law would have been included by the former alone. In order to explore the intention of the legislature in the language employed, it may be useful to consider the effect of a latitudinous construction of the term *trespass*. It could be made to embrace all actions for injuries *vi et armis*—all actions upon the case arising

60

Williams
vs.
Perkins.

*ex delicto* or *ex contractu,* of each of which classes there is a great variety. It is true the action of " trespass" merely, in its technical acceptation, is not so applicable to wrongs or injuries, unaccompanied with force, as the action of " trespass on the case," yet the same term is embraced in the title of each, and in common acceptation, is often applied to either. From the express designation of the action of *slander,* and also of *assault and battery,* when the former could have been fully embraced by inserting the action of *trespass on the case,* and the latter by the action of *trespass* alone, or *trespass vi et armis,* the legislature must have intended to limit or qualify the term *trespass.* It is also irrational to suppose that even all actions of *trespass vi et armis* could have been intended. We have heretofore held that the action of trespass *to try titles,* was not embraced. For many other injuries committed with force and arms, the reason of the statute is equally inapplicable. We therefore think that the only safe and legal construction that can be placed on the terms *trespass, assault and battery,* as used in the statute, is, that the latter terms were intended to restrict and limit the former, and that the action of *trespass for assault and battery alone* is provided for by them.

b2 Stew. 469.     In the report of the case of *Reed* vs. *Gordon,*[b] the words of the statute are inaccurately quoted; (as was suggested in argument,) the manuscript opinion of the court recites the statute as I have done, omitting the disjunctive conjunction *or* between the words trespass and assault and battery ; such also is the true expression of the statute.

We therefore reverse the judgment below, and render judgment in favor of the plaintiff for his full costs.