26   453<br>110   531

## McALLISTER et al. vs. McDOW.

1. The statute which provides that, " in all actions to recover damages for torts, the plaintiff shall recover no more costs than damages where the damages do not exceed five dollars, unless the presiding judge shall certify that greater damages should in justice have been awarded," (Clay's Digest, p. 316, § 25,) does not apply to an action of debt on an attachment bond to recover damages for the wrongful and vexatious suing out of the attachment.

2. The overruling of a motion to nonsuit the plaintiff, when the verdict in his favor is for a less sum than the court can take cognizance of, on the ground that his affidavit does not comply with the requisitions of the statute, (Clay's Digest, p. 325, § 75,) is not revisable on error.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. GEO. D. SHORTRIDGE.

DEBT on an attachment bond, by Arthur McDow against

Barnabas G. McAllister and Thomas P. Crawford, to recover damages for the wrongful and vexatious suing out of the attachment. The jury rendered a verdict in favor of the plaintiff, on issue joined, "for one dollar and seventy-five cents, besides costs"; and the defendants thereupon moved the court, "1st, to enter up judgment against them for no more costs than the sum of the verdict"; and, "2d, that no judgment be rendered against them on said verdict, unless the plaintiff file the affidavit in such case required by the statute, where the recovery is less than fifty dollars." The affidavit filed by the plaintiff states, " that the sum really due him, on the matter sued on in this case, at the time of the bringing of the suit, exceeded fifty dollars ; and that the injury incurred by him, by reason of the unwarrantable and unjust proceeding complained of in said suit, did in fact exceed the sum of fifty dollars ; but that from the nature of the case, and after the lapse of time when .said ·cause was tried, he could not make proof thereof, and for the want of proof he failed of recovering for the actual damage he had received."

The court overruled both these motions, and rendered judgment against the defendants for full costs ; to which rulings of the court the defendants excepted, and which they now assign for error.

E. W. PECK, for the appellants :

1. The suing out of an attachment wrongfully or vexatiously is a tort, and an action to recover damages for it, whether in form debt or covenant on the bond, or case, is an action to recover damages for a tort ; and if the damages recovered do not exceed five dollars, the plaintiff can have judgment for no more costs than damages, unless the presiding judge certifies that greater damages ought to have been awarded. Clay's Digest, p. 316, § 25 ; Hill v. Rushing & Wood, 4 Ala. 212. The condition of the bond is, to pay such damages as the defendant may sustain by the wrongful or vexatious suing out of the writ; and a recovery, in such cases, properly is, the damages sustained, whether the action be debt, covenant, or case ; and such is the judgment in this case.—4 Ala. 212, *supra.* An action to recover the penalty for the violation of

a statute, is, in form, debt; yet it is manifest, in such a case, that the recovery is for a tort.

2. If the foregoing point is not well taken, then it is insisted, that the court should have nonsuited the plaintiff below, as the affidavit filed does not come up to the requirements of the statute.—Clay's Digest, p. 325, § 75.

W. MOODY, contra:

1. This is not such a suit as is contemplated by the statute which allows no more costs than damages. It is an action of debt, founded on the defendants' bond, conditioned to pay all such damages as the defendant in attachment might sustain by the wrongful or vexatious suing out of the attachment. Though the transaction grew out of the wrongful act in suing out the attachment, yet this suit is brought to recover for the failure "to pay the damages." The allegation that the attachment was sued out wrongfully, is a statement of the facts, by way of recital, out of which arose the obligation to pay the damages; but the true breach, without which the declaration would be demurrable, is, that the damages were not paid. The statute would as well apply to a suit on an administrator's bond, suggesting a *devastavit;* or to a suit on a covenant with a lessee for quiet enjoyment, after entry and expulsion by the covenantor; or to a suit on any covenant not to do a particular thing. The surety could not be sued otherwise than on the bond.

GOLDTHWAITE, J.—The principal question in this case is, whether the act of 1839 (Clay's Dig. 316, § 25) applies to an action brought on an attachment bond for wrongfully and vexatiously suing out an attachment. The statute is confined by its terms to "actions brought to recover damages for torts"; and as the law of costs is penal (Clay's Dig. 239, § 12), it must be strictly construed. For the appellant it is insisted, that the suit in the present case, though based upon a contract, is in reality an action to recover damages for a tort; and in one sense it certainly is, for no action could be sustained on the contract, if the wrong had not been perpetrated: but we apprehend, the true criterion is, whether the tort is simply the incident, or the real foundation of the action. In

the suit on the attachment bond, the wrongful act is necessary to be proved ; but it is only essential as the medium by which the breach of the contract is to be ascertained, and the quantum of damage determined. The action cannot properly be said to be founded on the wrong, for it can be brought against the surety alone, who may have had no participation in it ; and if it is founded on a contract as to him, it cannot be otherwise as to his principal.

The overruling the motion to nonsuit the plaintiff below, under the act of 1807, (Clay's Dig. 325, § 75,) was a matter within the discretion of the court ; and as there is nothing in the record to show it was improperly exercised, we cannot say there was error in the action of the judge in this respect. Cummings v. Edmundson, 5 Port. 145 ; Tippin v. Petty, 7 ib. 441 ; Ainsworth v. Partillo, 13 Ala. 460.

Judgment affirmed.