# Block v. George.

*Contest as to Right of Homestead Exemption.*

70  409
100  241

70  409
104  211

1. *Homestead exemption; contest of claim; when and how made.*—When an affidavit is duly and regularly filed by a judgment debtor, claiming a homestead exemption in lands on which an execution has been levied, the plaintiff in execution, desiring to contest the claim, must file his affidavit of contest within ten days after notice that the claim has been filed (Code, § 2834), or the right to contest it is waived and lost.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

This was a contest as to the right to a homestead exemption, between Daniel W. Block, plaintiff in execution, and Robert D. George, defendant and claimant. The plaintiff's judgment was rendered on the 22d April, 1869, in an action commenced on the 11th March, 1869; and that action was founded on the defendant's promissory note for $383.48, dated the 1st January, 1866, and payable on the 1st January, 1867. An execution on this judgment, issued on the 14th December, 1876, was levied on the 20th December, 1876, on the defendant's interest in certain lands, particularly described in the sheriff's return; and thereupon, on the 27th February, 1877, said defendant made his affidavit and claim of exemption in the lands, before the clerk of the Circuit Court, to which the execution was returnable, and on the same day he made and filed an affidavit and claim of exemption before the judge of probate. Thereupon, as the sheriff testified, he gave notice to the plaintiff of the filing of this claim and affidavit, and made return on the execution, on the 23d April, 1877, in these words: "The defendant having filed his affidavit, claiming the whole of the land levied on as exempt from levy and sale, and the same being more than one hundred and sixty acres, this execution is returned to ask the instructions of the court." On the 9th May, 1877, the plaintiff made and filed with the clerk of the Circuit Court his affidavit contesting this claim of exemption, on the grounds, as alleged, that it was invalid, and that it was excessive; but the record does not show that any issue was then made up to try the claim and contest. At the same term of the court, the plaintiff made a motion against the sheriff, for his failure to make the money on that execution; and during the May term, 1878, he recovered a judgment on that motion, against the

sheriff, "for one hundred and forty dollars, that being the value of one hundred and forty acres of the land owned by the said R. D. George, subject to sale under plaintiff's said execution." On the 3d June, 1881, a *pluries* execution was issued on the plaintiff's judgment against George, and was levied by the sheriff, on the same day, on the same lands as before; but the levy was discharged, on the 21st June, 1881, as having been prematurely made; but, on the next day, the plaintiff having made and filed his affidavit contesting the defendant's claim of exemption already on file as above stated, the levy was renewed, and notice thereof given to the defendant. At the ensuing term of the court, to which the execution was returnable, the defendant moved the court "to dismiss the proceedings in this case out of court, and that said property claimed as exempt be declared not liable to sale under plaintiff's execution, or other process, and releasing said property from any levy thereon." On the hearing of this motion, the facts above stated being in evidence, the court granted the motion; to which ruling and judgment the plaintiff excepted, and he now assigns it as error.

COCHRAN & DAWSON, for appellant.

BRICKELL, C. J.—The claim of exemption, in writing, and under oath, made by George on the 27th February, 1877, which was lodged with the sheriff, and of which notice was given the judgment creditor, arrested further proceedings on the levy of execution on the lands. The validity of the claim was the subject of contestation, by the interposition of an affidavit of the judgment creditor, his agent, or attorney, specifying that the contract, on which the judgment was founded, expressed a waiver of exemptions; or a general denial of the validity of the claim; or that the claim was excessive, or in part invalid.—Code of 1876, §§ 2828–30. Such affidavit, the judgment creditor must interpose, within ten days after notice of the claim of exemption.—Code of 1876, § 2834. At the first term of the court, to which the process is returnable, an issue must be formed, on the claim of exemption and the affidavit of contest, the judgment creditor standing in the relation of plaintiff on the trial of such issue.—Code, § 2838.

The appellant, the judgment creditor, at whose instance the levy was made, failed within ten days after notice of the claim of exemption to interpose an affidavit of contest. During the term of the court to which the execution was returnable, after the lapse of ten days from the time of notice, he did make and file such affidavit, but no issue was formed thereon; nor does it appear that the appellee had any notice of the filing of the affidavit, or that any order or proceeding was had, by which a con-

test, having the elements and form of a pending suit, was introduced into the court, and orders of continuance made. On the judgment execution continued to issue, and on the 28th June, 1881, the appellant made another affidavit of contestation, no new or other claim of exemption having been made by the appellee. At the Fall term, 1881, on motion of the appellee, the Circuit Court dismissed the proceedings, rendering judgment sustaining the claim of exemption.

The contestation of a claim of exemption is strictly statutory and summary. The courts are not authorized to entertain it, unless the requisitions of the statute, from which authority to entertain it is derived, are strictly pursued. Defects in the proceeding, capable of being cured by amendment, may be waived, if the party having the right of objection does not in time interpose it, and proceeds without regard to them. It may be, if the creditor, at whose instance the levy is made, fails, for ten days after notice of the claim of exemption, to file the affidavit of contest, and it was filed subsequently, if, without objection, the claimant entered into the contest, and proceeded therein as if the affidavit had been regularly filed, all objection to the time of the filing would be regarded as waived. Or, if the affidavit was filed, and there was neglect, or failure to form the issue, at the term to which the execution was returnable, and it was, without objection, formed at a subsequent term, the regularity of the proceedings would be unassailable. The questions now presented are wholly different. There has been no waiver of the failure of the creditor to file the affidavit within the period prescribed by the statute, without which an issue could not be formed; nor has there been a waiver of the formation of the issue at the return term of the execution. Ten days having elapsed after notice of the claim of exemption had been given, in the absence of, and without notice to the appellee, the affidavit of contest was filed. The failure to file the affidavit within ten days, unexplained, is equivalent to a declination of the contest of the claim of exemption, and the court was without power, if it had made the effort, to force the claimant into the contest subsequently. The purpose of the statute is to afford a speedy and summary remedy for the determination of the matters arising on claims of exemption to which it refers, that the rights of creditors may be ascertained, and, if they have not rights, that the claimant may be quieted in title and possession. Either party, pursuing the statutory remedy, and claiming its benefits, must be diligent—must observe the requirements of the statute.

We do not find any error in the proceedings of the Circuit Court, and its judgment is affirmed.