# McLaren *v.* Anderson.

*Motion to Set Aside Sale under Execution.*

1. *Informal judgment by default.*—A recital in the judgment-entry, "the defendant not being present in person or by attorney, and no plea filed in the cause," does not show a formal judgment by default, or *nil dicit ;* but, if the further recitals show a judgment on verdict for the plaintiff, the judgment is not void, and can not be assailed collaterally.

2. *Homestead exemption ; amendable defects in claim.*—The failure to set forth, in a claim of homestead exemption, the time when the liability accrued against which the claim is asserted, is an amendable defect, which can not be raised for the first time in this court.

3. *Same ; as against torts.*—No exemption can be claimed against a liability growing out of a tort; and if the judgment or execution discloses on its face that the liability grew out of a tort, the sheriff may disregard a claim of exemption, and proceed to sell under the process; but he can not look beyond the face of the judgment and execution, to ascertain that fact.

APPEAL from City Court of Mobile.
Heard before the Hon. O. J. SEMMES.
The facts are set forth in the opinion.

FREDK. G. BROMBERG, for appellant.

DESHON & LAY, *contra.*

STONE, C. J.—There is an informality in the entry of original judgment of *Anderson v. McLaren,* in this, that no formal judgment *nil dicit* nor by default was taken against the defendant McLaren. The recital is, "the defendant not being present in person or by attorney, and no plea filed in this cause." There is a recital, however, that a jury came, to-wit, "John Cartwright and eleven others, who being duly empanelled and sworn well and truly to try the issues submitted to them ; . . . the case was submitted to the jury under the charge of the court, who say on their oaths, we, the jury, find for the plaintiff, and assess the damages at five hundred dollars." Judgment, every way formal, was then entered for that sum and costs.

If this question was presented on direct appeal, perhaps a sufficient answer would be that the defendant had more consideration in the court below than he was entitled to. He had the benefit of a trial and verdict as on issue joined, when, in fact, he had neither pleaded nor appeared. We need not, however, decide this. The question comes before us collaterally. The court had jurisdiction alike of the subject-matter and of the person, and the judgment is not void. There is nothing in this objection.

Under the execution issued on the judgment of *Anderson v. McLaren*, the sheriff levied on certain described lands as the property of McLaren, and gave the defendant formal, written notice of the levy, describing the lands. Thereupon the defendant made his sworn claim of homestead exemption, and filed it with the sheriff. The sheriff returned the execution with the levy indorsed, and noted therein that homestead exemption had been claimed. He also returned with it the sworn claim of homestead exemption. No written notice of the claim of homestead was served on the plaintiff, his agent, or attorney (Code of 1875, § 2834); no contest of the claim was filed, and no proceedings were had under it. Disregarding entirely the claim of homestead exemption, the sheriff, after advertising, sold and conveyed the lands to Anderson, the plaintiff and purchaser. The present proceeding is a motion to set aside the sale. The City Court overruled the motion.

It is urged in support of the ruling of the City Court, first, that the claim does not set forth *the time* when the liability accrued, under which .the judgment was rendered. This is an imperfection, but it is an amendable defect which ought to have been raised and passed upon in the court below, so as to give the claimant the opportunity of amending.—*Randolph v. Little*, 62 Ala. 295 ; *Block v. Bragg*, 68 Ala. 291 ; *Block v. George*, 70 Ala. 409.

It is objected, in the second place, that the liability grew out of a tort, and against such liability there is no homestead exemption.—*Meredith v. Holmes*, 68 Ala. 190 ; *Williams v. Bowden*, 69 Ala. 433 ; *Vincent v. State*, 74 Ala. 274. And the record of the suit put in evidence proves that the recovery was had in an action for a tort.

If the judgment and execution had disclosed on their face that the recovery was for a tort, it would have been the duty of the sheriff to disregard the claim as frivolous, and to proceed and make sale. The execution, however, gave him no such information. It could not do so without going beyond the judgment entry, which the clerk was not authorized to do. It recited only a money judgment; all it was

permitted to do. In *Block v. Bragg*, 68 Ala. 291, we said: "It is not the province of the officer to pass upon the sufficiency of the claim of exemption nor of the affidavit of contest. If insufficient, they would be amendable in the court from which the process issued, and to that tribunal their sufficiency must be referred."—See, also, *Block v. George*, 70 Ala. 409. We consider it unsafe to hold that the sheriff can inquire behind the face of the process in his hands, and determine for himself that the judgment rests on a cause of action, against which homestead exemption is unavailing. And the clerk, having in his office, filed in the cause, a claim of homestead exemption, valid on its face, should have issued no process for the sale of the land until that claim was disposed of by an order of the court.

Let the judgment of the City Court be reversed, and judgment here rendered, setting aside and vacating both the sale and the conveyance. The cause will be remanded, that the sheriff may give written notice of the claim of homestead exemption, which the plaintiff may controvert as he may be advised.

Reversed, rendered and remanded for further proceedings.