# Penton *v.* Diamond.

*Action against Sheriff and Sureties on Official Bond, for Wrongful Levy and Sale under Execution.*

1. *Exemption; against what debts allowed.*—A claim of exemption can not prevail (Code, § 2511) against a judgment for damages and costs in a statutory action in the nature of ejectment.

APPEAL from the Circuit Court of Covington.
Tried before the Hon. JOHN P. HUBBARD.

[Penton v. Diamond.]

This was an action by the appellee, Reuben Diamond, against John W. Penton, the sheriff of Covington County, and his official bondsmen, and sought to recover damages for the wrongful levy of an execution. The facts of the suit and the judgment upon which the execution was issued are sufficiently set forth in the opinion. The only question reserved for decision in the case is, whether the plaintiff can claim as exempt, and have exempted to him, personal property as against an execution issued on a judgment in an action of ejectment, in which damages were recovered for the use and occupation of the land. The court, among other things, charged the jury as follows: "Said judgment and execution was such a judgment and execution as the plaintiff in this action had a right to claim property as exempt against execution." The defendants duly excepted to this charge, and also excepted to the court's refusing to give the following charge as requested by them: "That if the jury believe the evidence, they must find for the defendants." The defendants now appeal, and assign the rulings of the court on the charges as error.

W. D. ROBERTS, for appellants, cited *Meredith v. Holmes*, 68 Ala. 190; *Williams v. Bowden*, 69 Ala. 433; *Vincent v. State*, 74 Ala. 274; *McLaren v. Anderson*, 81 Ala. 106; *Bryan v. Kelly*, 85 Ala. 569; *Ex parte Barnes*, 84 Ala. 540.

WALKER, J.—This is a suit on a sheriff's official bond to recover, damages for levying an execution upon and selling personal property of the plaintiff, which, prior to the sale, the plaintiff had claimed as exempt. The writ under which the levy and sale was made was issued on a judgment for the recovery of the possession of land, damages for the wrongful detention thereof and the costs of the suit. The writ in its terms followed the judgment. The portion of the oral charge of the trial court to which exception was reserved, and the refusal of the written charge requested by the defendants, present the only question in the case. The right to claim property as exempt from levy and sale on execution is of constitutional and statutory creation. Personal property may be claimed in this state "as exempt from levy and sale under execution or other process for the collection of debts contracted," etc. Art. 10, § 1 of the Constitution of Ala.; Code, 1886, § 2511. Such exemptions may not be claimed against process generally. A writ of possession for land, and for the collection of damages assessed for the wrongful detention thereof and the costs of the suit, is not, as to the damages and costs, subject to the claim of exemptions of personal property allowed by our laws,

as it is not process for the collection of a debt contracted; and this appearing on the face of the writ, the sheriff had a right to disregard the claim of exemptions and to sell the property levied on as if no such claim had been interposed.—*Stucky v. McKibbon, infra*, p. 622; 8 So. Rep. 379; *Meredith v. Holmes*, 68 Ala. 190; *Williams v. Bowden*, 69 Ala. 433; *Vincent v. The State*, 74 Ala. 276; *McLaren v. Anderson*, 81 Ala. 106; *Ex parte Barnes*, 84 Ala. 540.

The Circuit Court erred in its rulings above referred to.

Reversed and remanded.