# Stuckey *v.* McKibbon.

### *Garnishment of Judgment.*

1. *Action by removed trustee, against his successor; what demands may be reached by garnishment.*—When the trustee in a deed of trust for the benefit of creditors has been removed by the register in chancery, and another person appointed in his stead (Code, §§ 3549–54), and the latter has funds in his hands for the purpose of paying the expenses attending the administration of the trust, the former trustee may maintain an action against him for money had and received, to recover compensation for his services in executing the duties of the trust before his removal; consequently, the demand may be reached and subjected by garnishment at the suit of his creditors.

2. *Exemption of money or debt; against what judgments available.*—An action of detinue is *ex delicto*, and judgment being rendered for the plaintiff, a claim of exemption can not prevail against the judgment for damages and costs. (*Clingman v. Kemp*, 57 Ala. 195, qualified and limited.)

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

On August 21, 1888, the appellee, R. F. McKibbon, recovered a judgment in the Circuit Court of Calhoun County, against the appellant, A. C. Stuckey, in an action of detinue, brought for the recovery of an engine. The judgment rendered assessed, in the alternative, the value of the property as found by the jury, and also assessed damages to the amount of the value of the use thereof, while it was detained by the defendant, together with the costs of the suit. Upon this

[Stuckey v. McKibbon.]

judgment a garnishment was issued against one E. M. Lewis, requiring him to answer whether or not he was indebted to the defendant in execution. In answer to this said garnishment, said Lewis answered that, as assignee of the Midway Machine Company, he held, at the time of the service of the garnishment, $600 belonging to the said Midway Machine Company, and this was to be used in paying the expenses incurred in executing the assignment. It was further shown by said answer, that the defendant in execution, Stuckey, had been assignee under this assignment, and, upon his being removed from the administration thereof, the garnishee had been duly appointed by the register of the Chancery Court, and that, as such original assignee, the said Stucky had a claim against the garnishee, and against the fund in his hands, for payment for his services rendered during the time he (Stuckey) was assignee, as above stated; and that while a part of this claim of Stuckey's had been paid by the garnishee, he then held a portion for the future payment of him. The plaintiff then asked the court for judgment against the garnishee, upon his answer; and thereupon the defendant requested that the garnishee be discharged on his answer, and filed a claim of exemption to the money held by the garnishee for him. Upon an affidavit of contest being made, issue was joined on the contest of the claim of exemption. In this contest, the plaintiff offered in evidence the judgment rendered against Stuckey in his favor in the detinue suit aforementioned; and the court thereupon rendered judgment against the defendant on the contest, and held the claim of exemption invalid, to which ruling the defendant duly excepted. The court then rendered judgment against the garnishee for the amount of the plaintiff's judgment, and all the costs, to which the defendant duly excepted. On this appeal, the ruling of the court in the judgments rendered are assigned as error by the defendant in the court below.

E. H. HANNA, for appellant. Garnishee ought to have been discharged.—*Toomer v. Randolph*, 60 Ala. 356; *Harris v. Miller*, 71 Ala. 26; 56 Ala. 306; 3 Brick. Dig. 524–525. The claim of exemptions should have been allowed.—57 Ala. 195.

MATTHEWS & WHITESIDE, *contra*.

McCLELLAN, J.—Nothing appearing in the record before us to the contrary, it will be presumed, in support of the judgment below, that A. C. Stuckey was removed from the administration of the assignment of the Midway Machine

[Stuckey v. McKibbon.]

Company for failing to give bond, as required by sections 3549 *et seq.* of the Code; that E. M. Lewis was appointed to succeed him under section 3552, and that neither the Chancery Court, nor the register thereof, assumed the administration of the assignment to any extent, nor intervened therein for any other purpose, or to any further effect than was involved in the substitution of Lewis for Stuckey as assignee. Assuming these to be the facts, the rights and powers of Lewis, in the further administration of the assignment, were precisely the same they would have been had he been made assignee in and by the original assignment, and no action had been taken by the register of the Chancery Court in the premises. As such assignee, having funds in his hands for the purpose of paying the expenses of the assignment, and the administration thereof, he was liable at the suit of a party to whom such expenses were due, in an action of debt or assumpsit for the amount so due, on the same principle which enables beneficiaries under the assignment to maintain an action at law for the amount of a dividend declared in their favor, as for money had and received.—*McCrea v. Purmort,* 16 Wend. 460; *New York Ins. Co. v. Roulet,* 24 Whed. 505; *Fitch v. Workman,* 9 Met. 517.

The claim of Stuckey against the assignee, Lewis, therefore, was such a debt as could be reached by garnishment, and the City Court committed no error in rendering judgment for the plaintiff on the answer of the garnishee, which disclosed that he owed Stuckey for expenses incurred in administering the assignment, and had funds in hand for the payment of such expenses.

The other question presented by this record involves the right of Stuckey to claim the amount due him from Lewis as exempt. We are of opinion that the claim of exemption can not be sustained against plaintiff's demand. The judgment, to the satisfaction of which it was sought to subject funds in the hands of the garnishee, was rendered in an action *ex delicto.* The action was detinue for an engine, and for damages to the extent of the value of the use thereof while it was detained by the defendant. The judgment for such damages, and for the costs of the suit, is the claim now sought to be enforced. No element of contract was involved in the case. The right of plaintiff to recover the value of the hire or use of the property, resulted from the wrongful and tortious act of the defendant in withholding it, and in no sense from a contract, express or implied, on his part to pay therefor. There is no exemption of property from the satisfaction of such a judgment, either as to damages, or as to the costs.—*Meredith v. Holmes,* 68 Ala.

[Lampley v. Knox.]

190; *Williams v. Bowden*, 69 Ala. 433; *McLaren v. Anderson*, 81 Ala. 106.

The opinion in *Clingman v. Kemp*, 57 Ala. 195, that "costs adjudged against the unsuccessful party in a civil suit, are a debt against the payment of which the right of exemption may be claimed," was intended to apply, and must be here limited so as to apply, only to actions *ex contractu*. Costs, in this respect, partake of the nature of the judgment in favor of the plaintiff. Where that is for a tort, the judgment for costs is for a tort; where that results from, and is based on a wrong of the defendant, the judgment for costs results from and is based on the same wrong; and no claim of exemptions can be sustained against either.

The judgment of the City Court is affirmed.