# Tippins v. Peters.

### Action of Trespass.

1. *Amendment of erroneous judgment.*—A judgment against a defendant in an action of trespass for injury to land for six dollars and full costs, the presiding judge not certifying that greater damages should have been awarded, is, under the provisions of section 2838 of the Code, erroneous; but such error can not be corrected by motion, at a subsequent term, to amend the judgment so as to limit plaintiff's recovery of costs to an amount not greater than the damages assessed.

APPEAL from the Circuit Court of Escambia.
Tried before the Hon. JOHN R. TYSON.
All the facts are sufficiently stated in the opinion.

JAMES M. DAVISON, for appellant.—The recital in the judgment that the plaintiff recover the entire cost, was a clerical error, and should have been amended on mo-

[Tippins v. Peters.]

·tion of defendant, so as to limit plaintiff's recovery of costs to an amount not greater than the damages assessssed.—*Sherry v. Priest,* 57 Ala. 410, and cases cited ·therein.

RABB & STEVENS, *contra.*

BRICKELL, C. J.—The appellee, plaintiff in an action of trespass for an injury to lands, on the verdict of a jury, recovered judgment against the appellant, the defendant in the action, for six dollars, the damages assessed by the jury, and full costs, the presiding judge not certifying that greater damages should have been awarded. At a subsequent term, the appellant moved to amend the judgment so that the recovery of costs should be limited to the amount of the damages assessed. The motion was overruled, and from the judgment overruling it, the appeal is taken.

The statute, (Code, § 2838), declares that "in all actions to recover damages for torts, the plaintiff recovers no more costs than damages, when such damages do not exceed twenty dollars, unless the presiding judge certifies that greater damages should have been awarded; and on failure to certify, judgment must be rendered against the plaintiff for such residue." It is manifest the judgment is erroneous, and on appeal would have been reversed, and a judgment in conformity to the statute rendered.—*Reid v. Gordon,* 2 Stew. 469; *Galle v. Lynch,* 21 Ala. 579; *Tecumseh v. Mangum,* 67 Ala. 246. An application to amend a judgment is not the equivalent of an appeal, and can not be made to perform its office. Clerical errors may be corrected by amendment after the expiration of the term at which a judgment was rendered; judicial errors, after the expiration of the term, are incapable of correction otherwise than by appeal. The judgment before us is that which the court pronounced; there was no error in its entry; and its correction at a subsequent term would be the exercise of revisory power by the court rendering it. If it were amended, so as as to conform to the statute, there must be added to it a judgment against the plaintiff for the residue of the costs, in excess of the damages recovered; a judgment which ought to have been ren-

.dered, but was not, nor was it the purpose to render it. The power and duty of a court to correct clerical errors has in it no element of revisory power. Its scope and extent is declared by the statute, the amendment of "any clerical error, mistake in the calculation of interest, or other mistake of the clerk, when there is sufficient matter apparent on the record, or entries of the court, to amend by."—Code, § 2836 ; *Browder v. Faulkner*, 82 Ala. 257 ; *Emerson v. Heard*, 81 Ala. 443 ; *Ex parte Robinson*, 72 Ala. 389 ; *Whorley v. M. & C. R. R. Co., Ib.* 20 ; 1 Freeman on Judgments, § 70.

There is no error in the judgment from which the appeal is taken, and it must be affirmed.