# McDaniel v. Johnston.

### Contest of Claim of Exemption.

1. *Execution; presumption on motion to quash.*—On a motion to quash an execution, issued within ten years after the rendition of its judgment, when the motion contains no reference to the issuance of the previous execution within a year from the rendition of the judgment, and no denial thereof, it will be presumed that the execution was issued within a year after the rendition of judgment.

2. *Same; when motion to quash insufficient.*—A motion to quash an execution, issued within ten years from the rendition of its judgment, on the ground that no execution had been previously issued for more than a year before the last term of the court prior to the one in which the motion was made, or for more than a year prior to the issuance of the execution sought to be quashed, but which contains no reference to the issuance of an execution within a year after the rendition of the judgment, and no denial of such issue, is insufficient and is properly so adjudged on demurrer, it being presumed that the execution had been issued within a year from the rendition of the judgment.

3. *Same; unauthorized endorsements do not invalidate an execution.* The endorsements made by a clerk on an execution that "There shall be no exemption of personal property against this execution," being wholly without authority of law, is a mere nullity, constituting in no way a part of the execution itself, and affords no ground for quashing the execution ; the proper practice being to strike out or quash the unauthorized endorsement.

4. *Same; same; return of execution.*—When a sheriff makes return of his acts under execution "according to law," as required by statute, to the court whence the execution issued, the true date of the holding of the return term of the court being the *second* Monday in May, 1893, an unauthorized and wrongful direction, interpolated by the clerk, asserting erroneously that the return term commenced on the *first* Monday in May, 1893, should be stricken out, as mere surplusage, and affords no ground for quashing the execution,

5. *Judgment; character thereof determined by reference to the pleadings.*—The recital in a judgment entry that the plaintiff recover, &c., relates to the character in which he sues, as set out in his complaint, and when necessary for the court to determine whether the cause of action, on which the judgment has been rendered is *ex contractu* or *ex delicto*, it is proper to refer to the complaint for the purpose of determining the character of the judgment recovered by the plaintiff.

6. *Same; suit against common carrier for failure to transport goods*

[McDaniel v. Johnston.]

*is ex contractu.*—A judgment recovered in a suit for injury to goods in transportation by a common carrier, is a judgment rendered in an action *ex contractu*, and is one for a "debt" within the meaning of the statute (Code, § 2511), providing for exemptions from levy and sale "under execution or other process, for the collection of debts contracted after" the given date.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

On the 16th day of April, 1891, the appellee, John F. Johnston, brought suit against the appellant, Dock McDaniel, in the Circuit Court of Morgan county, Alabama, by filing a complaint in these words : "Plaintiff claims of the defendant one hundred and two ($102) dollars, for injury to certain goods, viz : Three (3) bales of cotton received by him as a common carrier, to be delivered to the plaintiff, at Bluff City, on the Tennessee river in said county for a reward, which he failed to deliver and injured said goods to the damage of plaintiff, one hundred and two ($102) dollars, as above stated."

Thereafter a judgment was rendered against the defendant. This judgment recited the formation of the issue. The empannelling of the jury, who as it recites, "upon their oath say, we the jury find for the plaintiff and assess the damages at the sum of one hundred and two ($102) dollars." And then continues : "It is, therefore, considered and adjudged, that the plaintiff have and recover of the defendant the sum of one hundred and two ($102) dollars, the damages assessed by the jury, together with the costs of this suit, in this behalf expended for which let execution issue."

On the 3d day of January, 1893, the clerk of the circuit court issued an execution on said judgment in which the sum recovered was styled "as damages" and on which was this endorsement : "There shall be no exemption of personal property as against this execution." The sheriff levied this execution on certain personal property of the defendant, who interposed his claim of exemption, but failed to give bond for the property ; thereupon, the plaintiff executed the required bond with surety, for the forthcoming of the property, if it should be found to be exempt, and the sheriff delivered the property to the plaintiff. The execution was made returnable the 1st

Monday in May, 1893, instead of the second Monday, when the next term of the circuit court really convened.

Upon the levy of this execution, the defendant moved to quash the same upon the following grounds: "1. No execution had been previously issued nor *scire facias* sued out for more than one year previous to the last term of this court." "2. No execution had previously issued for more than one year, nor *scire facias* sued out prior to the issuance of this last execution." "3. Because the clerk inserted in the face of the execution that the recovery was as damages, which was unauthorized and unwarranted by the judgment or minutes of the court." "4. Because the clerk indorsed on said execution the fact that there was to be no exemption of personal property as against said execution, which action was unauthorized by the judgment and unwarranted by the minutes of this court." "5. Because said execution was not made returnable as required by law." To this motion the plaintiffs demurred upon the following grounds: "1. That the same are insufficient in law." "2. That the first and second grounds of said motion fail to deny that any execution was sued out in this cause within a year from the rendition of the judgment therein." "3. That the third and fourth grounds of said motion go to the whole execution and not to the endorsement made by the clerk." This demurrer was sustained, to which ruling the defendant duly excepted. Thereupon the defendant amended the third and fourth grounds of the motion to quash, by moving to strike from said execution the interpolation from the face thereof that the judgment was as damages, and the endorsement thereon that there was to be no exemptions, because such interpolation and endorsement were unauthorized by the judgment entry in the cause. This motion was granted, and the objectionable features were stricken from said execution.

The plaintiff contested the claim of exemptions on the ground that it was invalid entirely. It was proved without conflict that defendant was a resident citizen of Morgan county, Alabama; that the liability accrued within the last ten (10) years, and that he did not have more than one thousand ($1,000) dollars worth of personal property.

The jury returned a verdict in favor of the plaintiff in

execution, who was the contestant of the claim of exemption, and judgment was accordingly rendered condemning the property levied upon under execution to the satisfaction of the plaintiff's judgment. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. W. GODBEY, for appellant.—The execution went beyond the judgment; was unauthorized, and was an entire and indivisible writ. It authorized the sheriff to do that, which if it had been regular and had followed the judgment, he could not have done; towit, ignore any claim of exemptions, and should have been quashed.—*Thompson v. Bondurant*, 15 Ala. 346.

The execution was returnable on an improper and irregular date, and should have been quashed for that reason.—*Mitchell v. Corbin*, 91 Ala. 599; *Page v. Coleman*, 9 Porter 275.

The complainant in the original action counted on a contract to deliver goods, and a failure to comply with that contract. All allegations for injury are surplusage. Even with such allegations as material, the complaint was clearly in assumpsit for breach of an express contract.—*School District v. Boston, H. & E. R. R. Co.*, 102 Mass. 552, 3 Amer. Rep. 502.

The cause of action in this case was *ex contractu* and not *ex delicto*.—*A. G. S. R. R. Co. v. Eichofer*, 100 Ala. 224; *McCarthy v. L. & N. R. R. Co.*, 102 Ala. 193; Boone on Code Pleading, § 135; 5 Amer. & Eng. Encyc. of Law, 168, note 5; *A. G. S. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 173; *School District v. R. R. Co.*, 102 Mass. 552; 2 Chitty on Pleading, (16 ed.), 104, Form 11.

WILLIAM E. SKEGGS, *contra*.—The demurrers to the first and second counts of the motion to quash the execution were properly sustained.—Code, § 2922; *Scull v. Godbolt*, 4 Ala. 326.

The erroneous indorsement on the writ by the clerk, furnished no ground for quashing the execution. The proper manner of raising the question was by motion to quash the indorsement, and not the execution.—*Sheppard v. Malloy*, 12 Ala. 561; Freeman on Executions, 174, § 78.

The execution followed the form prescribed by the

34

Code, with the exception of the unauthorized interpolation of the clerk as to the return day. Therefore, the fifth ground of the motion to quash was properly overruled.—*Stewart v. Cunningham*, 22 Ala. 626 ; *McMahan v. Colclough*, 2 Ala. 68.

The judgment was responsive to the verdict, but even if it were not, and there was any ambiguity or uncertainty in it, it should be construed with reference to the pleadings, and when it admits of two constructions, that one will be adopted which is consonant with the judgment which should have been rendered on the facts and law of the case.—1 Black on Judgments, § 3. Wherever the entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings, and if with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification made apparent, the judgment will be upheld, and carried into effect in the same manner as though its intent and meaning were made manifest by its own terms. The complaint was properly admitted in evidence.—1 Black on Judgments, § 123; 3 Brick. Dig. 575, §§ 3, 4.

The court did not err in giving the affirmative charge for the plaintiff and refusing to give the charge asked by the defendant. The right of the plaintiff to recover the value of the property resulted from the wrongful and tortious act of the defendant, in destroying the property and in no sense from a contract express or implied on his part to pay therefor. There is no exemption of property from the satisfaction of such a judgment, either as damages or costs.—*Stuckey v. McKibbon*, 92 Ala. 622 ; *Hinton v. Diamond*, 92 Ala. 610 ; *Meredith v. Holmes*, 68 Ala. 190.

McCLELLAN, J.—It did not appear by the 1st and 2d grounds of the motion to quash the execution, or at all, but that a previous execution had issued on this judgment within a year from its rendition. This one was issued within ten years after the test of such previous execution, if it in fact had issued. And that an execution had issued within the year is to be presumed in the absence of averment to the contrary in a motion to quash. These grounds of said motion were, therefore, insuffi-

cient, and properly so adjudged on demurrer.—Code, § 2922.

2. The indorsement made by the clerk on the execution, that "there shall be no exemption of personal property against this execution," was wholly without authority of law and hence a mere nullity, not in any manner constituting a part of or affecting the execution itself, and which, whether it was stricken from the paper or allowed to remain there, afforded no ground for quashing the execution. The better practice is to strike out or quash the indorsement, as was done in this case.— Freeman on Executions, § 78; *McGowan v. Hoy*, 2 Dana 347.

3. The Code form of execution directs the sheriff to return the writ "according to law."—Code, § 2882. The law requires the sheriff to make return of his acts under an execution to the clerk "three days before the first day of the return term of the writ." Code, § 2889. The return term of this writ was that held on the *second* Monday in May, 1893.—Code, § 2900. The writ directed the sheriff to return it "according to law." It was returned according to law on February 21, 1893. The additional, unauthorized and inaccurate direction interpolated by the clerk, asserting erroneously that the return term commenced on the *first* Monday in May, is to be, and was on the motion to quash, properly treated as mere surplusage.

4. It has never been the practice nor supposed to be necessary to recite in the entry of judgments, or for it to appear in any way thereby whether the action and recovery are *ex contractu* or *ex delicto*. In cases arising under section 2838 of the Code it has been the custom of trial courts and of this to look to the complaint—the character of the plaintiff's claim—to determine whether the judgment is upon contract or for a tort.—*Iron Co. v. Mangum*, 67 Ala. 246; *McAllister v. McDow*, 26 Ala. 453; *Reid v. Gordon*, 2 Stew. 469; *Galle v. Lynch*, 21 Ala. 579; *Williams v. Perkins*, 1 Port. 471. And, as under section 2838 of the Code, the practice of looking to the complaint for the character of the action with a view to allowing or disallowing a claim of exemption against the judgment accordingly as the complaint sought the recovery of a debt or damages for a tort, has been uniform and hitherto unquestioned, (*Meredith v. Holmes*, 68 Ala.

[McDaniel v. Johnston.]

190 ; *Williams v. Bowden*, 69 Ala. 433 ; *Penton v. Diamond*, 92 Ala. 610 ; *Stuckey v. McKibbon*, 92 Ala. 624) ; and in *McLaren v. Anderson*, 81 Ala. 107, this court expressly refers its conclusion to the fact that the judgment, against an execution on which a claim of exemption was asserted, was shown by the pleadings in the cause to have been rendered in an action *ex delicto*. And it has been expressly held that the complaint should be looked to for the purpose of determining the capacity in which the plaintiff recovered judgment, (*Rhodes v. Walker*, 44 Ala. 213), and for the purpose of identifying the parties.—*Collins & Co. v. Hyslop & Son*, 11 Ala. 508 ; *Flack v. Andrews* 86 Ala. 395. At common law the declaration and all other pleadings in the case went on the roll along with the judgment entry, and the record thus made up was the "judgment roll." While we have strictly speaking no "judgment roll" as that term was used at the common law, it is still required that all the pleadings in the cause, as also the judgment entry, should be recorded, and the record thus made may well be said to take the place of the judgment roll, and to constitute the record of a judgment to all parts of which reference may be had in determining the character and effect of a judgment entry in the form used in our practice. We do not doubt, therefore, that it was competent for the court below to refer to the complaint in this cause, the question being whether the defendant was entitled to exemption of personalty as against the demand of the plaintiff upon which the judgment was rendered, to determine whether the judgment was *ex contractu* or for a tort.—1 Black on Judgments, §§ 122—124 ; 1 Freeman on Judgments, § 45, 50a, 75 *et seq*.

### ON REHEARING.

Upon further consideration of the application for rehearing, the court has reached the conclusion, in line with *Ala. Gr. So. R. R. Co. v. Eichofer*, 100 Ala. 224, *McCarthy et al. v. L. & N. R. R. Co.*, 102 Ala. 193, and a case decided from the bench on argument at the present term, that the action in the present cause is *ex contractu* and not *ex delicto* as we formerly held. The former opinion bearing on this point and upon the question whether defendant was entitled to exemption against the judgment and execution in the case is withdrawn. This con-

[Pierce v. Tennessee Coal, Iron & Railroad Co.]

clusion leads to a reversal of the judgment on the issue of exemptions *vel non* because of the giving of the affirmative charge for the plaintiff in execution and its refusal to the defendant.

Rehearing granted. Former judgment set aside. Judgment of circuit court reversed. Cause remanded.

Reversed and remanded.