# Dangaix v. Lunsford.

1. *Judgment against executor as such; when return of execution thereon has the effect of adjudging a devastavit.*—Under statutory provisions (Code of 1886, § 2278), when a judgment has been obtained against an executor or administrator as such, and execution thereon is returned "no property," the judgment, if allowed to stand, is conclusive on the personal representative that the amount thereof is due and owing by him as such, and the return of the execution evidences that he is guilty of a *devastavit.*

2. *Liability of executor as for devastavit; right of exemptions.*—Where a judgment has been recovered against an executor or administrator, as such, and execution thereon has been returned "no property," upon an execution being issued against the executor or administrator personally, as allowed by statute (Code of 1886, § 2278), he cannot claim his exemptions (Const. Art. X, § 1; Code of 1886, § 2511) against his liability as for a *devastavit*; such personal representative, by the issue of the execution against him personally, being put in the attitude of having committed a tort, against which a claim of exemptions can not be maintained.

3. *Same; liability of bondsmen as affecting right of exemptions.*—As the liability in such case rests upon the ground that the assets are wrongfully withheld or have been wasted, the fact that the executor or administrator and sureties on his bond may be sued for the recovery of the judgment, constitutes no plea to sustain their right of exemption as against the enforcement of the judgment against them personally.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.
On June 1, 1895, the clerk of the circuit court of Jef-

ferson county, Alabama, issued an execution, directed
to the sheriff, reciting that there had been issued from
his said court an execution dated May 8, 1895, against
Susan Lunsford, as the executrix of the estate of George
Lunsford, deceased, which execution had been returned
"No property found in my county," and that execution
now issues against Susan Lunsford individually upon her
goods, lands, tenements, etc.; then follows the usual
form of execution in favor of *Wm. J. Dangaix v. Susan
Lunsford* for the sum of one hundred and sixty-nine 3-100
dollars, with interest from April 26, 1895. Upon said ex-
ecution is indorsed the levy of the sheriff, dated June
19, 1895, describing therein the property levied on, also
reciting that prior to the levy of the execution, Susan
Lunsford had filed in the probate court of Jefferson coun-
ty her claim of exemptions to the property levied on, and
thereupon the plaintiff contested the said claim of exemp-
tions as provided by the Code, when the levy was made,
and defendant thereupon filed bond, as required by section
2521 of the Code of 1886, and the property was returned to
her. The plaintiff tendered issue by filing a complaint
in which he averred that the defendant can not claim her
exemptions against the execution issued against her, as
said execution is not based on, nor does it arise by virtue
of, any contract made by or with defendant, but it is a
penalty prescribed by law. The defendant joined in this
issue by filing answer in which she set up the fact that
plaintiff sued defendant as executrix of the last will and
testament of George Lunsford, deceased, in assumpsit for
the recovery of a debt contracted by George Lunsford,
deceased, in his lifetime, and recovered judgment in
the circuit court on April 26, 1895, and that thereon
an execution issued out of the circuit court against her, as
such executrix, and was returned by the sheriff "No prop-
erty found," whereupon an execution issued against
her individually for the sum recovered against her as
executrix for a debt contracted by said testator and was
levied on the personal property of this defendant, which
was exempt to her from levy and sale, and which was
duly claimed by her as exempt.

Upon the trial of the issue thus presented, the facts
were shown as set out above. The cause was tried by the
court without the intervention of a jury, and judgment
was rendered in favor of defendant, and the court dis-

[Dangaix v. Lunsford.]

missed the contest of the claim of exemptions. To this judgment the plaintiff duly excepted, and prosecutes the present appeal. The judgment of the court is assigned as error.

W. H. WADE, for appellant.—The liability of the executrix is entirely statutory, being a penalty prescribed by law for her failure to pay over to the creditors the assets of the estate which came into her hands. It is not a matter of contract at all which fixes her liability, under section 2278 of the Code of 1886. The fact that the claim of the plaintiff originally grew out of a contract made with the deceased, in no way affects the question. The defendant was not connected with the original claim against the deceased, and no liability attached to her individually from the claim against the deceased. If the estate was insolvent, when the plaintiff sued the estate, the executrix should have pleaded insolvency. Not having done so, she is conclusively presumed to have committed a devastavit, *i. e.*, to have appropriated or wasted the assets of the estate. Where administrators permit judgments to be rendered against them, it is presumed they have assets sufficient to pay the same, and they are estopped from denying such fact.—*Banks v. Speers,* 97 Ala. 560 ; *Allen v. Allen,* 80 Ala. 154.

SAM WILL JOHN, *contra.*—The foundation of Dangaix's action was the contract with George Lunsford. Susan Lunsford's liability began when she contracted or assumed the duties and liabilities as such executrix. In either and both cases, Dangaix was seeking to collect a debt contracted, within the meaning of section 1, Article X, constitution of Alabama ; hence Susan Lunsford was entitled to claim the personalty levied on as exempt. The judgment of the circuit court was right and should be affirmed.

HARALSON, J.—1. Section 2278 of the Code provides that "When any judgment is rendered in the circuit court against any executor or administrator as such, and an execution thereon has been returned 'no property' by the sheriff or other officer of the county in which such judgment was rendered, an execution may issue against the executor or administrator personally,

to be levied on his goods and chattels, lands and tenements." Whenever these conditions exist, they are conclusive on the administrator or executor of the amount due and owing by him, and of a sufficiency of assets to pay the same.—*Grace v. Martin*, 47 Ala. 135; *Grimmet v. Henderson*, 66 Ala. 522; *Martin v. Ellerbe*, 70 Ala. 341; *Banks v. Speers*, 97 Ala. 563.

An executor or administrator, by the provisions of the statute, is not liable beyond the amount of assets which have come to his hands, or which have been lost, destroyed, wasted, injured, depreciated, or not collected, by want of diligence on his part, or an abuse of his trust.—Code of 1886, § 2269. And he may protect himself against any liability of the deceased by reporting the estate insolvent at any time he is satisfied the property of the estate is insufficient to pay its debts.—Code of 1886, § 2223.

By the common law, upon judgment against an executor *de bonis testatoris*, there were two modes of enforcing it: 1st, by *fieri facias* or *scire fieri* inquiry; 2d, by an action of debt on the judgment, suggesting a *devastavit*.— 3 Williams on Exrs., 1983-85. The author states, that while the latter course suggested may be pursued, "the usual course is first to sue out a *fieri facias*, upon the judgment, and upon the sheriff's return of *nulla bona*, to bring the action, and state the judgment, the writ and return in the declaration; and, on the trial, the record of the judgment, the *fieri facias* and the return will be sufficient evidence to prove the case. The action is in form an action of debt in the *debet* and *detine* and the judgment is *de bonis propriis*. * * The jury are bound, upon the judgment being put in evidence, together with the *fi. fa.* and the return, to find a *devastavit*, as suggested by the writ, unless the executor can show that there were goods of the testator which might have been taken in execution, and that he showed them to the sheriff."—Ib. pp. 1985-1988; 7 Am. & Eng. Encyc. of Law, 791-2; *Grace v. Martin*, 47 Ala. 139.

Our statute was intended to do away with the necessity for this common law form of proceeding, and to substitute the one provided therefor, to accomplish the same end by a more direct, expeditious and less expensive proceeding. After a return of *nulla bona* on the execution against an executor, it has always been held by

us that the judgment, if allowed to stand, is conclusive on the personal representative of the amount due owing by him as such, and that he has in his hands sufficient assets to pay the same. Indeed, so far as he is concerned, personally, such a return under the statute, without more, evidences that he is guilty of a *devastavit*,— the same result as was accomplished at common law, by suit in debt on the judgment suggesting a devastavit,— of which, as we have seen, on proper allegations the judgment, execution and return are sufficient evidence.

The constitution of this State (Act. X, § 1), and the statute (Code, of 1886, § 2511) each provides that the personal property of a resident of the State, to the value of $1,000, shall be exempt from levy and sale under execution or other process,—the first, in words, "for the collection of any debt contracted since the of 13th July, 1868, or after the ratification of this constitution;" and the second, "for the collection of debts contracted after the 23rd of April, 1873." Where there is no contract between the parties, express or implied, for the violation of which the one breaking it would be liable in assumpsit to the other, the provisions of the constitution would seem to be inapplicable. In construing these provisions, we have repeatedly held that no exemption can be claimed against a liability growing out of a tort.—*Meredith v. Holmes*, 68 Ala. 190; *Williams v. Bowden*, 69 Ala. 433; *Vincent v. The State*, 74 Ala. 275; *McLaren v. Anderson*, 81 Ala. 106; *Scheussler v. Dudley*, 80 Ala. 550; *Penton v. Diamond*, 92 Ala. 610; *Stuckey v. McKibbon*, 92 Ala. 622. In *Scheussler's Case*, which was a bill in equity by a surety on a tax collector's bond to enforce a statutory lien on the property of his deceased principal, it was said: "The constitution and statutes apply only to sales on execution, or other process, from courts for any debt contracted. It has no application to judgments based on torts, or liabilities in the nature of torts;" and the homestead exemption claimed was denied. In *Vincent's Case*,— that of a defaulting State treasurer, who had converted the money of the State to his own use,—the exemption was denied, not on any alleged prerogative of the State, "but upon the broader ground, that the conversion of the money was both a tort and a crime, and no exemption of property could be claimed or allowed against such a liability." And so in actions of detinue, trepass, trover

and ejectment, the same rule applies; the controlling principle being, that where there is no contract between the parties out of which the liability to judgment grows, and where a judgment obtained results from, and is based on, a wrong of the defendant, no claim of exemption can be sustained.—*Stuckey v. McKibbon, supra.*

It is scarcely open to controversy that a *devastavit* committed by an executor is a tort. At common law, if the cause of action was founded in tort, it died with the person who committed the wrong. "The right of action for default and embezzlement, in trust public and private, died, upon the same principle, with the offender. So, if an executor or administrator himself committed waste and died, it was treated as a personal tort which died with his own person, saving his estate harmless." Schouler on Exrs. & Admrs., § 370.

Cooley in his work on Torts, p. 525, after treating of the wrongs committed by trustees, adds: "The above rules apply to executors and administrators, guardians, assignees in bankruptcy or insolvency, partners, agents for the sales of property, and all other persons occupying similar relations. * * This is a rule of public policy, necessary to preserve honesty and fidelity in the administration of trusts, and is too well settled to be departed from."

The fact that the executrix and her sureties in this case, if she gave bond, which is not shown, might be sued thereon for the recovery of this judgment, constitutes no plea to sustain the exemption as now claimed. The judgment proper is against claimant's testator. Having sufficient assets in her hands with which to pay it, which she unlawfully withholds or has wasted, puts her, as the case is now before us, in the attitude of one who has violated a private trust,—a tort-feasor,—who is not entitled to the exemption claimed. To sustain it, would be to allow her to take advantage of her own wrong, so injurious to the plaintiff, and escape indirectly the penalty the statute in such cases imposes, and to reap a double reward for her own infidelity,—that of appropriating the assets of the estate to her own use, and, afterwards, claiming exemption of her personal property from liability, to the extent of the wrong she has perpetrated.

[Lindsay v. Colbert County.]

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.