(96 South. 196)

WOOTEN v. JORDAN. (7 Div. 373.)

(Supreme Court of Alabama. April 26, 1923.)

1. Homestead ⊜=197—Sheriff serving execution cannot refer to judgment to determine whether exemption may be interposed.

Where, in a writ of execution against real property, it did not appear that the execution's command was subject to a claim of exemption, the sheriff cannot have recourse to the judgment to determine whether claim of exemptions may be interposed.

2. Exemptions ⊜=127—Defendant in execution may contest with plaintiff efficacy of claim of exemption before sale.

Defendant in execution may contest with plaintiff the propriety and efficacy of his claim of exemptions before sale of property is had.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

L. C. Jordan sued Hallie Wooten and J. J. Wooten in trover and on a promissory note. There was judgment against defendants. After levy of execution, defendant J. J. Wooten filed with the sheriff his claim of exemptions, and sale being made, notwithstanding such claim, defendant moved to set aside the execution sale. From a judgment overruling the motion, defendant J. J. Wooten appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The writ of execution is as follows:

"To Any Sheriff of the State of Alabama:

"You are hereby commanded that of the goods and chattels, lands and tenements of Hallie Wooten and J. J. Wooten defendants, you cause to be made the sum of three hundred forty-eight and $^{08}/_{100}$ dollars, which L. C. Jordan, plaintiff, recovered of them on the 18th day of August, 1921, by the judgment of our circuit court held for the county of De Kalb, besides twelve and $^{85}/_{100}$ dollars, cost of suit; and have the same to render to the said L. C. Jordan, plaintiff, and make return of this writ and the execution thereof according to law.

"Witness my hand this 22d day of August, 1921.          D. L. Campbell, Clerk."

J. A. Downer, of Birmingham, and C. A. Wolfes, of Ft. Payne, for appellant.

The sheriff cannot inquire behind the face of the process in his hands, and determine for himself that the judgment rests on a cause of action against which a claim of exemption might be unavailing. McLaren v. Anderson, 81 Ala. 106, 8 South. 188.

Isbell & Scott, of Ft. Payne, for appellee.

The judgment being based on tort, the sheriff had the right to disregard the claim of exemption. 25 C. J. 129; Kennedy v. Smith, 99 Ala. 83, 11 South. 665; Lockwood v. Thompson, 198 Ala. 295, 73 South. 504, Northern v. Hanners, 121 Ala. 590, 25 South. 817, 77 Am. St. Rep. 74; Gunn v. Hardy, 130 Ala. 642, 31 South. 443.

McCLELLAN, J. [1] Notwithstanding Wooten seasonably interposed his claim of exemptions to real property, on which the sheriff had effectively levied (we assume, for the occasion only) an execution, in or on which it was not noted or indicated in any way that no exemptions thereagainst could

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be claimed, the sheriff proceeded to a sale of the property of Wooten, defendant in the execution. It was ruled in McLaren v. Anderson, 81 Ala. 106, 108, 8 South. 188, that a sheriff cannot disregard a claim of exemptions, seasonably interposed, and sell the property so claimed as exempt under an execution, in which process it is not made to appear that the execution's command is not subject to claim of exemptions. In such circumstances, the sheriff cannot have recourse to the judgment to determine whether claim of exemptions may be interposed. In McLaren v. Anderson, supra, it was aptly said:

"We consider it unsafe to hold that the sheriff can inquire behind the face of the process in his hands, and determine for himself that the judgment rests on a cause of action, against which homestead exemption is unavailing."

[2] The defendant in execution has the right to contest with the plaintiff the propriety and efficacy of his claim of exemptions before a sale of his property is had.

The execution should have been vacated.

The judgment appealed from is reversed, and the cause is remanded, on the authority of McLaren v. Anderson, supra.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.