[Ala. Great Southern R. R. Co. v. Eichofer.]

# Ala. Great Southern Railroad Co. v. Eichofer.

*Action against Carrier for Failure to Deliver Freight.*

1. *Statute of limitations against action for failure to deliver goods.*—The right of action for the breach by a common carrier of a contract to deliver goods is, under Code, § 2615, not barred for six pears.

2. *Non-delivery of goods; when question for jury.*—Where there was evidence that goods shipped to New York over defendant railroad arrived there within two weeks, and were properly sto ed there for three years, ready for delivery, that the consignee did not appear to receive them ; that the connecting carrier unsuccessfully tried to find the consignee ; that finally the property was sold for charges,' and there was. on the other hand, evidence that the goods did not reach New York within six weeks, that defendant's agent was unable to trace them five months after their shipment, that repeated inquiries were made for the goods at the connecting carrier's depots in New York within two months after the shipment, and defendant had agreed to deliver the goods in New York ; the question of non-delivery was for the jury.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

Action by C. Eichofer against the Alabama Great Southern Railroad Company to recover for its failure to deliver certain goods in New York.

The complaint was in compliance with form No. 15, p. 793, of the Code of 1886. The goods were shipped July 19, 1888, and the present suit was commenced November 12, 1891. The defendant issued a through bill of lading to the plaintiff ; did not limit its liability over its own road, but agreed to deliver the goods mentioned in said bill of lading in the city of New York. The defendant pleaded the general issue by its first and second pleas, and by the third plea the statute of limitations of one year. The plaintiff demurred to the third plea on the ground that it presented no defense to this action. The court sustained this demurrer, and the defendant excepted. The evidence in behalf of the plaintiff and the defendant is sufficiently shown in the opinion. Upon the introduction of all the evidence the defendant requested the court to give the general affirmative charge in its behalf, and duly excepted to the refusal to give said charge. Upon the return of the verdict for the plaintiff, and the rendition of judgment thereon, the defendant moved for a new

[Ala. Great Southern R. R. Co. v. Eichofer.]

trial on the grounds that the verdict of the jury was contrary
to the evidence ; that it was contrary to the charge of the
court, and contrary to the law of the case; that the verdict
was contrary to law because the suit was for the failure to
deliver the goods in New York, not for a delay in delivery ;
and that the evidence showed that the goods were delivered
in New York, and on the ground that the court refused to
give the general charge requested by the defendant.   The
court overruled this motion, and the defendant duly excepted.
The defendant now appeals, and assigns as error the sus-
taining of the demurrer to the third plea, the court's refusal
·to give the general charge in favor of the defendant, the
court's overruling the defendant's motion for a new trial,
and its refusal to grant a new trial.

A. G. SMITH, for the appellant, elaborated the following
propositions : First. Does the statute of limitations of twelve
months bar an action against a carrier for damages for a non-
delivery of goods ?   *Ledbetter & Farmer v. R. R. Co.*, 92 Ala.
326.   Second. In an action against a common carrier, such
as this is, claiming damages for a non-delivery of goods,
under the form prescribed by the Code, a recovery can not
be had if the goods were in fact delivered at the point of
destination, and have remained in the depot a reasonable
time.—*Melborn v. Troy*, 88 Ala. 443 ; *R. R Co. v. Grabfelder*,
83 Ala. 200 ; *R. R. Co. v. Wilson*, 78 Ala. 587 ; *Kennedy Bros.
v. R. R Co.*, 74 Ala. 430 ; *R. R. Co. v. Kelly*, Central Law Jour-
nal, Vol. 35, No. 24, p. 464, published Dec. 9th, 1892.   Third.
A delivery at the point of destination is sufficient ; it is not
necessary to deliver to the consignee in person.—*R. R. Co.
v. Wood*, 66 Ala. 167.   Fourth. No statute of New York be-
ing introduced in evidence to show that the company was
required to give notice of the arrival of the goods to con-
signee in that State, none will be presumed, and no such
necessity will be held to exist.—*R. R. Co. v. Wood*, 66 Ala.
167 ; *R. R. Co. v. Ludden & Bates*, 89 Ala. 612.

RICHARD H. FRIES, for appellant, argued the following
points.   1st. An action against a common carrier for failure
to deliver is barred in six (6) years and not in one year.
Sec. 2615, Code 1886, page 585 : It is ex contractu and not
ex delicto ; hence Sec. 2619, Code, page 585, has no applica-
tion.   2nd. The carrier in issuing a through bill of lading
not limiting its liability over its own line must deliver at
transit.—*M. & G. R. R. Co. v. Copeland*, 63 Ala. 219 ; *Jones v.
C. S. & M. R. R.*, 89 Ala. 378 ; *L. & N. R. R. v. Meyer*, 78
15

Ala. 597. 3rd. The carrier is only relieved from its liability as such when the consignment reaches its transit and a reasonable opportunity has been afforded the consignee to procure his goods.—*R. R. Co. v. Ludden & Bates*, 89 Ala. 612. It is not sufficient as stated in the 2nd proposition for appellant that goods have remained in depot a reasonable time, unless such opportunity has been afforded to take them away on reasonable enquiry. 4th. When a shipment is duly proved and the consignee has made active enquiry of the carrier for the consignment and fails to procure it, the burden of proof is shifted to carrier to prove compliance with its contract and nothing but the act of God, the public enemy or the consignee can relieve it from liability as insurer. 5th. "To support the general charge, the evidence must be so clear and convincing as that the court could rightly sustain a demurrer to the evidence. If the evidence be in conflict or if it be circumstantial or if a material fact in the case rests in inference the general charge should not be given." *Tabler v. S. L. & I. R. R. Co.*, 87 Ala. 305. When different inferences can be easily drawn from the evidence the general charge should never be given in favor of either party. *Payne v. Mathis*, 92 Ala. 585. 6th. As to credibility of witnesses and the logical result if they are not believed, to-wit— an adverse verdict—see *A. G. S. R. R. v. Moody*, 92 Ala. 285. 7th. The contract made in Alabama obligated carrier to deliver in New York; the right of the parties are not dependent on the laws of New York—Quaere. Whether Sec. 1130 page 308, Code 1886, applies, requiring carrier to notify consignee personally or by mail of arrival of goods within 24 hours after such arrival and in the event of failure of such notice the carrier is released as such carrier? The court will take judicial notice of the fact that New York has more than two thousand inhabitants and a daily mail. Sec. 1180 is part and parcel of the contract and is not limited to points within Alabama; the effect of the bill of lading was the same as though delivery were to be made in this State. The *lex loci contractus* must control. The point of delivery does not affect the issue.—*Woodsen et al. v. Owens*, page 207, South. Reporter, Vol. 12, No. 3. 8th. The *E. T., V. & G. R. R. Co. v. Kelley*, Central Law Journal cited by appellant is founded on a doctrine long since exploded in Alabama. There the goods reached transit. In *Francis v. Dubuque Ry.* 25 Iowa, page 60 (see last twenty lines of decision) another doctrine is strongly intimated.

McCLELLAN, J.—This is an action *ex contractu* for the non-delivery of goods by a common carrier in violation of the contract of carriage. It was well brought within six years under section 2615 of the Code, and the demurrer to defendant's plea of the statute of limitations of one year. Code, § 2619—was properly sustained.

The shipment was made over defendant's line at Birmingham, Ala., to New York on July 19th, 1888. Defendant's evidence goes to show that the goods arrived at the depot of the Pennsylvania railway in New York on August 11th, 1888, and thence on for three years were properly stored there ready for delivery to the consignee, but that the consignee did not appear to receive them, that reasonable efforts were made on the part of the delivering carrier to find the consignee, but without success, and that finally on October 6, 1891, the property was sent to Philadelphia to be sold for freight charges, &c. There was, on the other hand, evidence from which the jury might have inferred that the goods were not received and stored in New York on August 11th, 1888, or for months after that time. It was shown, for example, that the defendant's agent in Birmingham though making repeated efforts to trace and find the property had not done so on the 15th December 1888, nearly five months after the shipment, and it is hardly reasonable to suppose that his efforts to this end would for so long have been abortive had the goods really been in the connecting carrier's depot at the point of final delivery. There was testimony, too, that inquiries for the goods during September and October 1888, were made by or in behalf of the consignee at all of the delivering carrier's depots in New York City, or at least at all of its depots along North River where the depot in which defendant's witnesses say the consignment was received and stored was situated. This evidence upon either hand presented, as an issue of fact to be determined by the jury, the inquiry whether the goods were ever received at the New York depots of the delivering carrier at all or not, or at least whether they were so received within any reasonable time after their shipment from Birmingham. And if the jury had found that they did not reach New York at all or not till the lapse of from two to five months after the shipment, as they had a right to find, the non-delivery averred in the complaint would have been established, and plaintiff's case made out. The existence of this right on the part of the jury, of course, demonstrates the propriety of the trial court's refusal to give the affirmative charge for the defendant.

And we are not prepared to say that the verdict of the jury in line with the tendencies of plaintiff's evidence was so clearly against the weight of the whole evidence or so lacking in the support of evidence as to have justified the court below in granting a new trial.

The judgment of the Circuit Court is
Affirmed.