# McCarthy & Baldwin v. Louisville & Nashville Railroad Company

*Action against a Railroad Company on a Common Law Contract of Carriage.*

1. *Action on common law contract of carriage; plea of contributory negligence.*—In an action against a common carrier, on a common law contract of carriage without reservations or exception, for the failure to deliver the property shipped in good condition, contributory negligence on the part of the plaintiff is not available as a defense; there can be no such defense.

2. *Same; pleadings.*—In addition to the defenses that the loss or injury was due either to the act of God or the act of the public enemy, which are commonly considered as the only two defenses to an action against a common carrier, founded on a common law contract of affreightment, there is a third defense resting on the fault of the owner of the goods or his agent; but when the defendant interposes this latter defense, the plea, to be effective, must also negative concurring and contributing fault on the part of the defendant.

3. *Same; burden of proof.*—Where, in an action by a consignee against a common carrier on a common law contract of affreightment, for failure to deliver property in good condition, the evidence tends to show that the goods were improperly and negligently packed or loaded on cars, the burden is on the defendant to show it was not at fault or negligent in and about the transportation and delivery of the goods; and in the absence of such proof the general affirmative charge should be given in favor of the plaintiff.

4. *Same; charge to jury.*—In an action on a common law contract of carriage, a charge to the jury that "If they believe the evidence they must find for the plaintiffs in this case, unless they find from

[McCarthy & Baldwin v. Louisville & Nashville Railroad Company.]

the evidence that the terra cotta [the goods shipped] was improperly loaded upon the cars, and that the terra cotta was broken solely on account of the improper loading, and that the defendant was not guilty of negligence in handling and hauling the terra cotta," is erroneous, in that it authorized the jury to find for the plaintiffs, although the injury may have resulted from the fault of the shipper co-operating with the act of God or act of the public enemy.

5. *Expert testimony; when competent.*—In. an action by a consignee against a common carrier for failing to deliver in good condition terra cotta shipped over its line, a witness, who is shown to have been engaged for two or more years in loading cars with terra cotta, and who packed the shipment involved in the suit, is competent to testify that the cars in which the terra cotta was packed were "well and carefully loaded;" and the admission of this testimony is not error.

6. *Liability of carrier when improper loading is apparent.*—Although goods are improperly packed in cars by a consignor, a carrier is liable to the consignee for injury to such goods when shipped over its line, if the improper loading was apparent to the ordinary observation of the carrier's servants.

7. *Same; when improper loading is not apparent.*—Where the goods are improperly loaded in close cars, which come from the initial carrier to a connecting carrier with their doors closed, the improper loading is not "apparent" to the connecting carrier, and no duty rests upon the connecting carrier to open the cars to see whether the loading was properly done.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.

This was an action on the case, brought by the appellants against the appellee, to recover damages for loss of, and injury to, a lot of terra cotta tiling shipped from Ottawa, Illinois, over the Chicago, Burlington & Quincy Railroad, and by that railroad delivered to the defendant, and by the defendant carried to Birmingham, Ala., and delivered in bad condition.

To the complaint, the defendant pleaded the general issue, and the following special pleas: (6.) "The defendant for further answer to the complaint says that the plaintiffs themselves were guilty of negligence in this, that the said terra cotta was improperly loaded upon said cars by the said Pioneer Fire Proof Construction Company at Ottawa, Illinois, who were acting in forwarding such terra cotta as the agent of the plaintiffs, and that such improper loading proximately contributed to the alleged injury to such terra cotta, and that said cars were received by the defendant from the Chicago,

[McCarthy & Baldwin v. Louisville & Nashville Railroad Company.]

Burlington and Quincy Railroad Company closed, so that the condition of the contents of said cars was not visible to the defendant or its agents when it so received such cars of terra cotta, and that defendant and its agents did not know at the time it received such cars of terra cotta that they were so improperly loaded." (7.) "The defendant for further answer to the complaint says that the plaintiffs themselves were guilty of negligence in this, that the said terra cotta was improperly loaded upon said cars at the point of shipment, and that such improper loading proximately contributed to the alleged injury to such terra cotta, and that the defendant, at the time it received such cars, did not know that they were improperly loaded." (8.) "The defendant for further answer to the complaint says that the plaintiffs themselves were guilty of negligence in this, that they improperly loaded the cars in which the terra cotta was loaded and that such improper loading proximately contributed to the alleged injury to the terra cotta." The plaintiff demurred to the 6, 7 and 8 special pleas of the defendant upon the following grounds : 1. The defendant in said pleas does not allege that the improper loading of said terra cotta was not apparent from an inspection of the cars. 2. The defendant in said pleas does not allege that the alleged defects in loading the said terra cotta was not apparent or patent. 3. The defendant does not allege that the condition and manner of loading of said cars would not have been visible if the defendant or its agents had looked into them. 4. The defendant does not allege that the receiving carrier, the Chicago, Burlington & Quincy Railroad Company, did not know or could not have known that the said terra cotta was improperly loaded. 5. The defendant does not show that it was not guilty of negligence in handling and hauling said terra cotta, or that it was without fault. 6. The defendant does not show in what respect the said terra cotta was improperly loaded. 7. The negligence of the shippers of said terra cotta, in loading the said cars can not be charged to the plaintiffs, and the defendant is liable although the said terra cotta was improperly loaded on the cars. 8. The defendant in said pleas does not allege that the breaking of and injury to said terra cotta was caused solely by the improper loading thereof." These demurrers were overruled, and the plaintiffs duly excepted to this ruling.

Charles A. Slater, whose deposition was introduced in evidence, testified among other things, that he had had a great deal of experience in handling and shipping terra cotta, and had been constantly employed during two years preceding the trial, in loading from 6 to 12 cars a day with terra cotta; and that he considered that the cars on which the terra cotta involved in this case was shipped were well and carefully loaded. The defendant moved to exclude from the testimony of this witness that the cars were "well and carefully loaded," because it was merely the conclusion of said witness. The court granted this motion, excluded the answer of the witness from the jury, and the plaintiffs duly excepted to this ruling. All the other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court instructs the jury that if they believe the evidence they shall find for the plaintiffs, and assess such damages as the plaintiffs have suffered from the failure to deliver the goods." (2.) "The court instructs the jury that if they believe the evidence they must find for the plaintiffs in this case, unless they find from the evidence that the terra cotta was broken solely on account of the improper loading, and that the defendant was not guilty of negligence in handling and hauling the terra cotta." (3.) "The court instructs the jury that if they believe from the evidence that the four car loads of terra cotta were delivered to the defendant as a common carrier for transportation to Birmingham, Alabama, and that the said goods were delivered to plaintiff by the defendant, or by any one for him, in a damaged or broken condition, then the burden of proof is on the defendant to show affirmatively that it was not guilty of negligence in breaking and injuring said terra cotta." The court at the request of the defendant gave the jury the following written charges, to the giving of each of which the plaintiffs separately excepted: (1.) "If the jury believe from the evidence that loading the terra cotta without straw or sawdust was negligent and improper loading, and that it contributed proximately to the breakage of the terra cotta, then they must find for the defendant, if the

jury believe further from the evidence that the terra cotta was loaded without straw or sawdust.'' (2.) "If the jury believe from the evidence that there was an open space on one or more of the cars up to which on each side the terra cotta was piled, and the sides of such open space were not boarded up or braced, and that it was improper loading not to board or brace the terra cotta, and that the want of boards or braces contributed proximately to the injury, then the jury must find for defendant.''

JAMES A. MITCHELL, for appellants.—1. The defendant's sixth plea did not set up a sufficient defense to plaintiffs' action, and it was error on the part of the court below to overrule the plaintiffs' demurrer thereto. If negligence or improper loading on the part of the shipper could, under any circumstances, be chargeable to the plaintiffs and be a defense to the action, it would certainly be necessary for the plea to contain an allegation that the defendant was without negligence in the handling and hauling of the goods, and that it was broken solely on account of the improper loading. A common carrier is always responsible for negligence, and the burden of proof is on him to show that he is not guilty of negligence.—*Steele v. Townsend,* 37 Ala. 247; *A. G. S. R. R. Co. v. Little,* 71 Ala. 616; *L. & N. R. R. Co. v. Touart,* 97 Ala. 514; *Express Co. v. Caldwell,* 21 Wall. 268; *S. & N. Ala. R. R. Co. v. Wood,* 71 Ala. 219.

2. And it was also necessary for the plea to set up the fact that the defective or improper loading was not apparent or patent. If the carrier fails to exercise his right to refuse goods defectively packed, when the defect is visible, he becomes liable if the goods are injured.— 2 Amer. & Eng. Encyc. of Law, 853, 788; *Hannibal & St. Jos. R. R. Co. v. Swift,* 12 Wall. 271; *Klauber v. American Ex. Co.,* 91 Amer. Dec. 452; *Warden v Greer,* 6 Watts (Pa.) 426; *Mallory v. Tioga R. R. Co.,* 39 Barb. 488; *Porcher v. R. R. Co.,* 14 Rich. Law (S. C.) 181.

3. The court should have given the general charge for the plaintiffs. There was nothing in the bill of lading limiting the defendant's common law liability. The goods being sound and unbroken when delivered to the C. B. & Q. R. R. Company, the presumption is that the defendant received them in the same condition.—*Cooper v. Ga. Pac. Railway Co.,* 92 Ala. 329; 2 Amer. & Eng. Encyc. of Law, 873; *Leo v. St. P. & C. R.*

*R. Co.*, 12 Amer. & Eng. R. R. Cases, 35; Hutchinson on Carriers, § 871. The court clearly erred in refusing to give charge number three requested by the plaintiffs. Where goods are found in damaged or broken condition the *onus* is evidently on the carrier to exculpate itself from all blame.—*S. & N. Ala. R. R Co. v. Wood*, 71 Ala. 219.

HEWITT, WALKER & PORTER, *contra*.—1. The contention of appellants' counsel that the plea of contributory negligence in an action against a carrier is an improper one because negligence is not charged in the complaint, and hence there is no negligence on defendant's part, to which that of plaintiffs can contribute, is a specious one. The plea itself by its nature admits negligence on the part of the defendant, and there is no denial of such negligence in the general issue, since it only traverses the allegations of the complaint. Under this construction of the plea, its effect is to admit the loss or injury, and admit its negligence as partly causing such loss, and to avoid liability for such loss or injury, by setting up the proximate contributing negligence of the plaintiffs. That such a plea is an answer to the complaint is manifest. The true construction of such a plea is that the plaintiff's negligence concurred with the cause—whatever it may be—on which the plaintiff relies for recovery in producing the injury. In the case at bar, the plaintiffs assumed to load the cars, and the plea avers that they were guilty of negligence in the performance of this self assumed duty, and that this negligence proximately contributed to the injury. If so, clearly the defendant was not liable.—*Western Railway Co. v. Harwell*, 91 Ala. 340; 8 So. Rep. 649; Wheeler on Carriers, 218; *Hutchinson v. C. St. P. M. & O. R. R. Co.*, 35 N. W. Rep. 433; *Squire v. N. Y. Central R. R. Co.*, 98 Mass. 239; *Congar v. Railroad Co.*, 24 Wis. 157; *Miltimore v. R. R. Co.*, 37 Wis. 190.

2. The grounds of demurrer predicated on the supposed duty of the defendant to examine the cars in which the terra cotta was loaded, to see that it was properly loaded before it received them, are not tenable. No such duty rested on the defendant. The facts show that defendant received the terra cotta in close cars from an intermediate carrier and had no opportunity to examine them

[McCarthy & Baldwin v. Louisville & Nashville Railroad Company.]

without opening the cars.—*Fordyce v. McFlynn*, 19 S. W. Rep. 961; Wheeler on Carriers, 218 ; *Hutchinson v. C. St. P. M. &. O. R. R. Co.*, 35 N. W. Rep. 433; *Western & Atlantic R. R. Co. v. Ex. Cot. Mills*, 7 S. E. Rep. 916; *Goodman v. Oregon Railway Co.*, 28 Pac. Rep. 894; *Congar v. R. R. Co.*, 24 Wis. 157; *Miltimore v. R. R. Co.*, 37 Wis. 190 ; *Betts v. Farmer's &c. Co.*, 21 Wis. 81.

McCLELLAN. J.—Appellants are plaintiffs and appellee is the defendant in this action. The complaint contains four counts. It is conceded by counsel on either hand that the third count presents the case relied on by plaintiffs, and that upon that count alone the trial was had. The case made thereby is the following : In October, 1890, the Pioneer Fire Proof Construction Company delivered to the Chicago, Burlington & Quincy Railroad Company, at Ottowa, Illinois, four car loads of terra cotta for carriage, and consigned to plaintiffs at Birmingham, Alabama. The defendant was also a common carrier operating a connecting line of railway on the route from Ottawa to Birmingham, and as such received the consignment from the initial carrier, "and undertook to deliver the same to plaintiffs at Birmingham for a reward." This undertaking was not performed, the complaint avers, but to the contrary, the defendant "did not deliver all of said goods to them [the plaintiffs], and did not deliver said goods to the plaintiffs in good or proper condition, or in the condition they were in when shipped and consigned to plaintiffs, but that said goods when delivered were badly broken and injured, and a large part thereof rendered wholly unfit for use." The damage to the goods is laid at four hundred dollars, which the complaint seeks to recover.

It is manifest that the case made by the averment of these facts tendered no issue of negligence *vel non* on the part of the defendant. The contract averred is an unconditional common law contract of carriage without reservations or exceptions. By its terms the defendant *insured* the safe delivery of the goods to the consignee, and assumed liability for any loss or injury resulting from any cause except such as afforded the carrier a defense at common law. The strictest proof of all possible care on the part of the carrier in the transportation and delivery of the goods would have been no defense, and,

[McCarthy & Baldwin v. Louisville & Nashville Railroad Company.]

of course, proof of the carrier's negligence was in nowise essential to a recovery. The defenses, which a carrier under such a contract may interpose to an action for failure to deliver in good condition, are commonly mentioned as two only, namely, that the loss or injury was due either to the act of God, or to the act of a public enemy. But there is in reality a third resting on the fault of the owner of the goods or his agent. This latter defense, while the fault involved in it may consist merely of negligence imputable to the plaintiffs, is in no sense, and bears little analogy to, the defense of *contributory negligence*, available in actions against common carriers of passengers, sometimes in actions against carriers of live stock, and even, it may be, in actions against carriers of goods—inanimate things—under contracts of affreightment, which limit liabililty to loss or injury occasioned by the carrier's negligence. Nowhere in the books can any reference be found to the defense of *contributory negligence* against the common law liability of common carriers of goods. And in the nature of things there can be no such defense, to speak with any approach to legal accuracy. There must always be negligence on the part of a defendant or else it can not be said that a plaintiff has been guilty of contributory negligence. Or, in other words, "there can be no contributory negligence on the part of a plaintiff, except in cases where there has been negligence on the part of the defendant. Contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury." 4 Am. & Eng. Encyc. of Law, p. 18. This is illustrated in numerous cases decided by this court, where damages were claimed for the results of *wantonness* and the like, and pleas of contributory *negligence* were held bad; and it is illustrated in the case at bar, where the *gravamen* of the action is a failure to deliver goods, without reference to the inquiry whether the failure was due to defendant's negligence. To allow a plea of contributory negligence to such action would be to allow the defendant to change the case made by the complaint, by confessing a fact which is not averred in it, and which is not necessary to the plaintiff's recovery, and then to escape on proof of a fact which is a defense only against the case he has thus made for the plaintiffs. There is no room in this case for the plea of contributory negligence. The

special pleas 6, 7 and 8 filed by the defendant were pleas of this character. They charge that plaintiffs themselves were guilty of negligence in that they or their agents improperly and negligently loaded the terra cotta on the cars in whch it was to be and was carried from Ottawa to Birmingham, and that such improper loading proximately *contributed* to the alleged injury complained of. This was to say, that the defendant was guilty of negligence, but that it ought not to be held liable for the consequences thereof because its negligence was aided to the damnifying result—was contributed to—by the concurring negligence of the plaintiffs. These averments, in short, were admissions of negligence on the part of the pleader, coupled with charges of negligence on the part of the plaintiffs. The further averments of these pleas, that the cars were closed when they were received by the defendant from the first carrier, so that the condition of their contents was not visible, and that defendant and its agents did not then know that said cars were improperly loaded, if intended to negative all negligence on the part of the defendant, are repugnant to and inconsistent with the admissions of defendant's negligence implied in the allegation that plaintiff's negligence contributed to the injury. On the other hand, if these further averments are not to be taken as negativing all negligence imputable to defendant, and that is probably the true construction of them, the pleas are yet bad, for, as a carrier is liable for loss or injury resulting from the act of God aided by his own negligence, or from the act of a public enemy to which his own fault contributed, so he is liable for any loss or injury which is due to the concurring and contributory negligence of himself and the shipper; and, as when he pleads the act of God or of the public enemy, he must bring himself within these exceptions to the common law rule of liability by averring his own want of concurring negligence, so when he relies upon the other exception to that rule of liability, that which rests upon the fault of the shipper, he must bring himself entirely and perfectly within it by negativing all contributing fault of his own.—Contracts of Carriers, Lawson, pp. 177–8; *Steele v. Townsend*, 37 Ala. 247; *Gray v. Mobile Trade Co.*, 55 Ala. 387; *S. & N. Ala. R. R. Co. v. Henlein*, 52 Ala, 606; *Louisville & Nashville R. R. Co. v. Touart*, 97 Ala. 514;

Angell on Carriers, § 202; Hutchinson on Carriers, § 766. The rule governing this class of cases can not be more perspicuously stated, perhaps, than by comparing it with and differentuating it from the doctrine which obtains in respect of causes of action resting primarily on defendant's negligence in the carriage of persons. In these latter cases the contributory negligence of the plaintiff neutralizes and renders innocuous the causal negligence of the defendant, and destroys a cause of action resting upon it. But in the other class of cases, that to which the case at bar belongs, negligence upon either hand is regarded from an entirely different standpoint, and accorded an entirely different and contrary effect and operation, so to speak, on the rights of the parties. The unaided, uncontributed to negligence of the plaintiff producing the injury is a defense, but where there is negligence also on the part of the defendant, without which, notwithstanding plaintiff's fault, the injury would not have happened, this fault of the defendant neutralizes and eviscerates the negligence of the plaintiff as a ground of defense. In the one case, plaintiff's contributory negligence destroys the cause of action; in the other, defendant's concurring negligence destroys the defense.

The evidence tended to show that the goods, for injury to which this action is prosecuted, were improperly and negligently packed or loaded by the consignor, who sold the goods to plaintiffs, and it afforded an inference, or rather room for an inference, that but for this fault of the seller and consignor the injury would not have occurred. But, though the jury had found in line with this tendency of the evidence, and deduced the conclusion therefrom that plaintiffs, or those for whose acts or omissions in the premises plaintiffs were responsible, were at fault, and that such fault had a causal connection with the injury, it was yet their duty to indulge the presumption that the defendant was also negligent in and about the transportation and delivery of the goods, and that this negligence aided plaintiff's negligence to the result complained of, there being no evidence whatever on the part of the defendant, upon whom the burden in this regard rested, nor indeed any averment, to the contrary. It follows on this state of case, the evidence without conflict showing the injury,

[McCarthy & Baldwin v. Louisville & Nashville Railroad Company.]

and the defendant having failed both in averment and proof to bring itself within the exception under which it in some measure attempted to shield itself from liability, that the jury should have been instructed, as requested in writing, to find for the plaintiffs if they believed the evidence. Upon the same considerations charge 3 requested by plaintiffs should have been given, charges 1 and 2 given for the defendant should have been refused, and defendant's pleas numbered 6, 7 and 8 should have been held bad. Charge 2 of plaintiffs' series is abstractly unsound, in that it is open to a reasonable construction whereby its effect would be to hold carriers liable when the loss or injury results from the fault of the shipper co-operating with the act of God or the public enemy. It is not essential to exemption from liability that the damages claimed should have resulted solely from any one of the exceptional causes. If two or all of such causes combine to produce the injury and the carrier is without fault, he, of course, is not liable.

The only other error we find in the record lies in the exclusion of the testimony of the witness Slater, to the effect that these cars were "well and carefully loaded." This was the mere opinion of the witness, it is quite true, but we think a sufficient predicate had been laid to render his opinion on that subject competent evidence.

If the consignor was at fault in the loading of the consignment, the plaintiffs, in our opinion, would be responsible therefor; the fault is imputed to them, the consignor having undertaken to properly load the goods for transportation to them. If the improper loading was apparant, that is, was a fact which addressed itself to the ordinary observation of the carrier's servants, or if it was not apparent, but the carrier was yet guilty of negligence, but for which the injury would not have happened, the carrier would be liable notwithstanding the negligence of, or imputable to, the plaintiffs. If the cars used in this transportation were close cars and came to the defendant with their doors closed, so that without opening the doors the condition of their contents could not be seen, we should say the improper loading, if they were indeed improperly loaded, was not apparent within the meaning of the rule we have stated; in such case there would be, we think, no

duty on the connecting carrier to open the cars and inspect their contents, which were not of a character to require such attention, assuming proper loading in the first instance. Whether these cars were open or close cars, and if the latter, whether they were in fact closed when they came to defendant's road and while being transported over it, was not made to appear in the evidence adduced on the trial.

What we have said will, it is thought, be sufficient for the guidance of the lower court on another trial.

Reversed and remanded.