# Holland v. Southern Express Co.

*Action against Express Company, for Failure to Deliver Package.*

1. *Action against common carrier, is ex contractu.*—An action against an express company, in which in his complaint the plaintiff claims "damages for the failure to deliver a package * * * received by it as a common carrier to be delivered to the plaintiff at" a designated place, "for a reward, which it failed to deliver," is an action *ex contractu.*

2. *Same; warehouseman; action ex delicto; joinder of causes of action.*—An action against an express company in which plaintiff sues the defendant as a warehouseman, and alleges that the package, which it contracted to transport and deliver to plaintiff was lost by reason of its negligence, is an action on the case and *ex delicto;* and, therefore, counts stating such a cause of action can not be added by amendment to a complaint in which the plaintiff sues the express company as a common carrier, stating therein an action *ex contractu.*

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellant, S. W. Holland, against the Southern Express Company.

The complaint as originally filed contained but one count, which was as follows: "The plaintiff claims of the defendant, a foreign corporation doing business in the State of Alabama, one hundred and eighty-eight and 03-100 dollars damages, for the failure to deliver one package of money containing one hundred and eighty-eight and 03-100 dollars, received by it as a common carrier to be delivered to the plaintiff at Castleberry, Alabama, for a reward, which it failed to deliver." To the complaint as originally filed, the defendant pleaded the general issue, and by two special pleas set up the defense that the town of Castleberry, the place of consignment of the package of money, was a small place, and that it was not, therefore, the custom of the defendant to make personal delivery of the package at the residence or place of business of the consignee; that the agent of the defendant, soon after the receipt of the

package of money, for the loss of which this suit was brought, notified the plaintiff of the receipt thereof, that the plaintiff stated that he would call for the package the next day, and that during the time intervening, the office of the defendant was burglarized and robbed, and said package was stolen therefrom, and that a reasonable time had elapsed from the time of the giving of the notice to the plaintiff to the time at which it was stolen, within which the plaintiff could have gotten the package.

Upon the second trial of this cause, after a decision therein on appeal to this court, (109 Ala. 362), the plaintiff, by leave of the court, amended his complaint by adding the following counts: "No. 2. The plaintiff claims of the defendant, the Southern Express Company, a foreign corporation, a warehouseman, the sum of one hundred and eighty-eight and 03-100 dollars as damages, for its failure to deliver a certain package of money, containing the sum aforesaid, received by it in the city of Mobile, Alabama, on, to-wit, the 4th day of February, 1895, under and by virtue of an agreement or contract to transport and deliver the same to plaintiff at Castleberry, Alabama; that said package was transported to Castleberry, but never delivered to plaintiff; that by reason of defendant's negligent failure to use due and reasonable care in keeping said package in a reasonably safe repository or place, the said defendant being then and there engaged in the business of carrying express for hire, whereby the said package was, on, to-wit, the night of the 4th day of February, 1895, lost or stolen, to the damage of the plaintiff, in the sum aforesaid.

"No. 3. The plaintiff claims of the defendant, a foreign corporation, the sum of one hundred and eighty-eight and 03-100 dollars, as warehouseman, as damages, for its failure to deliver to the plaintiff a certain package of money, containing the sum aforesaid, and plaintiff avers that said package was received by the defendant, at Mobile, Alabama, on, to-wit, February 4th, 1895, to be transported and delivered to plaintiff at Castleberry, Alabama, within a reasonable time, and plaintiff avers that said package was transported to Castleberry, on the date last aforesaid, but never delivered to plaintiff; that on, to-wit, the night of said last named date, it was lost

or stolen, by or from the defendant, and said loss or theft was the result of defendant's failure to use due and reasonable care in keeping and preserving said property for the plaintiff to the damage of the plaintiff in the sum aforesaid, wherefore he sues."

The defendant moved the court to strike out each of these additional counts, upon the grounds, 1st, that each of them sets up a new and different cause of action from that stated in the original complaint; and, 2d, the cause of action set up in each of said counts was barred by the statute of limitations of one year. The court granted this motion and struck said counts from the file, and to this ruling the plaintiff duly excepted.

Upon the hearing of the cause, the facts disclosed were substantially the same as those presented on the former appeal, and sustained the averments of the fact set out in the two special pleas of the defendant, and special reference is here made to the former report of the case, (109 Ala. 362).

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in its behalf, and to the giving of this charge the plaintiff duly excepted. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FARNHAM & CRUM, for appellant, cited *A. & A. R. R. Co. v. Ledbetter*, 92 Ala. 326; *C. & W. R. R. Co. v. Ludden & Bates*, 89 Ala. 612; *West. Railway v. Little*, 85 Ala. 159; *L. & N. R. R. Co. v. McGuire*, 79 Ala. 395.

STALLWORTH & BURNETT and JAS. A. STALLWORTH, contra, cited *Springfield Fire and Marine Ins. Co. v. DeJarnett*, 111 Ala. 248; *A. & A. R. R. Co. v. Ledbetter*, 92 Ala. 326; *Mohr v. Lemle*, 69 Ala. 180; *Turner v. Roundtree*, 30 Ala. 706; Code of 1886, § 2619.

HEAD, J.—In the case of *McDaniel v. Johnston*, 110 Ala. 526, we held that an action against a common carrier, the same, in principle, as the original complaint in this cause, was an action *ex contractu*, and not *ex delicto*, citing *A. G. S. R. R. Co. v. Eichofer*, 100 Ala. 224; *McCarthy v. L. & N. R. R. Co.*, 102 Ala. 193.

Counts 2 and 3, filed by way of amendment, were in

[Western Railway of Alabama v. Williamson.]

case, and could not be legally joined with the original complaint. The court, therefore, properly struck them from the file, on motion of the defendant.

If, by any just construction, the averments of negligence in these amendments could be regarded as surplusage, and the amendments taken to be actions on the contract of carriage, they would add nothing of value whatever to the original complaint, and would be useless incumbrances of the record. It results, also, that the assignment of error touching the admission of evidence of negligence on the part of the defendant, as a warehouseman, cannot be sustained.

The undisputed evidence, even though plaintiff has been permitted to prove all that he attempted, in reference to the determination of the defendant's liability, as a common carrier, is, so far as material, substantially, the same as that presented to us on the former appeal; and adhering to the view then taken of it, we hold that the general charge was properly given for the defendant.

Affirmed.