# Southern Railway Co. v. Rosenberg.

*Action against Railroad Company to recover Damages for Breach of Contract of Shipment.*

1. *Action against common carrier; ex contractu and not barred by statute of limitations of one year.*—An action against a railroad company as a common carrier, to recover damages for the breach of a contract of shipment, is an action *ex contractu*, and the statute of limitations for one year presents no defense thereto.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This was an action brought by the appellee, I. Rosenberg, against the Southern Railway Company, to recover damages for injury to certain household furniture of the plaintiff, which in the complaint, is alleged to have been received by the defendant as a common carrier, to be delivered to the plaintiff at Marion, Alabama, for a reward, and that the defendant failed to so deliver said goods, except in a damaged condition.

The defendant pleaded the general issue and a special plea in which he set up that the injury and damages for the recovery of which the suit is brought, is barred by the statute of limitations of one year. To the special plea of the statute of limitations of one year, the plaintiff demurred upon the ground that the suit is for the recovery of damages arising from the breach of a contract, and is not barred by the statute of limitations of one year. This demurrer was sustained. Thereupon the cause was tried upon issue joined on the plea of the general issue.

[Southern Railway Co. v. Rosenberg.]

The evidence introduced was without conflict, and proved the averments of the complaint.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his behalf. To the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the sustaining of the plaintiff's demurrer to the plea of the statute of limitations, and the giving of the general affirmative charge requested by the plaintiff.

F. L. PETTUS and A. M. TUNSTALL, for appellant.

THOMAS E. KNIGHT, *contra.*—The statute of limitations of one year presented no defense to the action. It was *ex contractu,* and not *ex delicto,* as supposed by the defendant's counsel. It was well brought within six years.—*A. G. S. R. R. Co. v. Eichofer,* 100 Ala. 224; *McDaniel v. Johnston,* 110 Ala. 526; *McCarthy et al. v. L. & N. R. R. Co.,* 102 Ala. 193; *Holland v. So. Express Co.,* 114 Ala. 128, 130; *L. & N. R. R. Co. v. Brinkerhoff & Co.,* 119 Ala. 528.

DOWDELL, J.—There are only two questions presented by the record. One is, the action of the court in sustaining plaintiff's demurrer to the defendant's plea of the statute of limitations of one year. The other is, the giving of the affirmative charge requested in writing by the plaintiff. This latter assignment of error is not insisted upon in argument. Moreover, the evidence, without any conflict, made out a *prima facie* case in favor of the plaintiff, which authorized the giving of the charge as requested.

The present action is one *ex contractu,* and the statute of limitations of one year presented no defense to the action. It was well brought within six years, and consequently there was no error in sustaining the demurrer to the defendant's plea.—*A. G. S. R. R. Co. v. Eichofer,* 100 Ala. 224; *McDaniel v. Johnston,* 110 Ala. 526; *Mc-*

*Carthy et al. v. L. & N. R. R. Co.,* 102 Ala. 193; *Holland v. So. Express Co.,* 114 Ala. 128.

There is no error shown by the record, and the judgment of the circuit court is affirmed.